UTLEY v. TOLFREE *et al., Appellants.*

77  307|
31a 613|
77  307
143  25|
77  307
79a 269
77  307|
87a  34|

1  **Amendment.**  There is no substantial difference between the original and amended petitions in this case.

2.  **Evidence** : SWORN STATEMENTS IN ANOTHER SUIT.  The sworn answers of a garnishee to interrogatories, are admissible in evidence against him in a suit by a stranger to the garnishment proceedings.

3.  **Instructions** are properly refused when there is no evidence on which to base them.

4.  **Bailment**: DEPOSIT WITH BANK FOR THIRD PARTY : RIGHTS OF THE LATTER.  If bankers receive money from a customer on an express promise to pay it to a third party, the latter may maintain an action for it if not paid ; and it will be no defense that the money was deposited in the customer's name with his consent, or that he at the time promised to make a further deposit to cover his own indebtedness to the bank and failed to do so.

5.  **Instructions.**  The court again signifies its disapproval of the practice of asking numerous and voluminous instructions.

*Appeal from Polk Circuit Court.* — HON. R. W. FYAN, Judge.

AFFIRMED.

*J. B. Upton* and *J. D. Abbe* for appellants.

*T. G. Rechow* and *O. D. Knox* for respondents.

HENRY, J.—Plaintiff sued defendants for $360, which, in his petition, he alleges was, on the 30th of April, 1875, deposited by W. N. Mitchell in defendants' bank to be paid, and which defendants then agreed to pay, to plaintiff, whenever he should demand it, which he did on the 3rd day of June thereafter, and defendants refused payment thereof.  The answer denied the allegations of the petition, and also alleged that on the 30th of April, 1875, said Mitchell deposited with them $567.20, and requested them to pay $360 of the amount to plaintiff, which they promised to do, on condition that, within ten days thereafter, Mitchell should deposit with them an amount sufficient to

cover his indebtedness to the bank, on a running account with the bank and notes held against him; that this he failed to do, and soon after that date failed and made an assignment, and that plaintiff did not demand said sum of $360 until after said assignment. The replication denied the special matter. There was a trial, which resulted in a verdict and judgment for plaintiff, from which defendants have appealed.

. After the evidence had all been introduced on both sides, the plaintiff, on leave of court, filed an amended petition which, however, did not contain anything material not embraced in the original petition, and we are unable to see why it was filed. Appellants' counsel contend that it states a different cause of action; that the original petition claimed that the money was deposited to plaintiff's credit in the bank, while the amended petition alleged no deposit to his credit, but a request on the part of Mitchell, and a promise by defendants, to pay the sum of money to Utley. The amended petition states: "That on the 30th day of April, 1875, W. N. Mitchell left, or deposited with defendants, the sum of $360 to be by them paid to plaintiff, to whom Mitchell was indebted to that amount, and that defendants then agreed to pay the same to plaintiff." The original states the same facts substantially, the only noticeable difference being that the word " left " does not appear in the original petition. Whether deposited in the bank to plaintiff's credit or left with the defendants, (private bankers,) to be paid to plaintiff, makes no difference in his right to the fund. If deposited to his credit, he had the absolute right to the money, and if received by defendants on their promise to pay it to plaintiff, the obligation of defendants to pay it to him was complete. The same cause of action alleged in the amended petition was tried on the original petition and answer, and both sides were heard upon all the issues that could have been joined on the amended petition, and defendants were not prejudiced by having no opportunity to answer the amended petition.

The defendants were summoned as garnishees in a suit instituted by a creditor of Mitchell, and answered certain interrogatories propounded, wherein they stated that they had no money in their possession or control belonging to Mitchell, and also certain other statements which tended to sustain the allegations in plaintiff's petition, and it is insisted that it was error to admit this evidence. They were the statements of defendants under oath to facts bearing upon the issues in this cause, and we know of no principle or authority upon which they should have been excluded. If damaging to defendants' case, it was because it tended to prove the facts relied upon by plaintiff. If the evidence did not so tend, we are unable to perceive how it could have prejudiced them.

The instructions for plaintiff are not objectionable. The court refused several asked by defendants to the effect that if the agreement made by them was to pay Utley on condition that Mitchell made a deposit with them, within ten days, of a sufficient amount to cover his indebtedness to the bank, the verdict should be in their favor. This correctly stated the law, but there was no evidence upon which to base it. The nearest approach to it is found in the testimony of defendant Dunnegan, who in his cross-examination says: "I agreed to pay Utley $360 if he called for it upon the representation then made about another bill." He did not promise to pay Utley, provided the other bill were deposited, but upon the representation that it would. Relying upon Mitchell's promise to that effect he made an unconditional promise to pay the $360 to Utley.

The court also refused an instruction declaring that although the money was deposited by Mitchell with defendants to be paid to plaintiff, and they agreed to pay it to him, yet, if with Mitchell's assent it was entered on the books of the bank to Mitchell's credit, that fact exonerated them from any obligation to pay it to Utley. Whether it was placed there to the credit of Mitchell or Utley, if re-

ceived by the bank on the promise of the bankers at the time it was so received, to pay it to Utley, it was received by them for him. As against them it was his money, and they had no more right to withhold it from him than if it had been handed by Mitchell to them to be carried and delivered to Utley. Nor did the fact, if true, that Mitchell fraudulently and falsely promised to make a deposit to cover his indebtedness to defendants, relieve them of their obligation on their agreement to pay Utley. Mitchell was under no legal obligation to deposit with defendants the money intended for Utley, and if they had refused to agree to pay it to Utley, he could have retained it and paid it to Utley or deposited it elsewhere for him. Instructions on this theory asked by defendants were, therefore, properly refused.

Numerous other instructions were given, and many were asked and refused. We have not copied them into this opinion; they are too numerous and voluminous; and once more we would suggest that cases would be more satisfactorily tried in the lower court, and reviewed here, if counsel would not encumber the record with so many instructions. Two, three at most, in this case, would have embraced every phase of the evidence and the law applicable to it.

All concurring, the judgment is affirmed.