Sarah E. Tripp, Appellant, v. Martin F. Tripp, Respondent.

Kansas City Court of Appeals, February 6, 1899.

1. **Divorce:** PLEADING: EVIDENCE: PRIMA FACIE CASE. On review of the petition and evidence it is held that plaintiff made a *prima facie* case which, unrebutted, entitled her to a divorce.

2. ———: SUPPORT OF WIFE: DEFENSE. It is a husband's duty not only to support his wife but to treat her with kindness and affection, and the fact that he paid her board bills while they lived apart will not justify indignities offered her.

*Appeal from the Cole Circuit Court.*—Hon. D. W. Shackleford, Judge.

Reversed and remanded.

Silver & Brown for appellant.

(1) Divorce is a legal right. Where the facts entitle either party to it, the court has no discretion to deny it. Deschodt v. Deschodt, 59 Mo. App. 102, 105; Morris v. Morris, 60 Mo. App. 86. (2) Even though the plaintiff's conduct may be reprehensible, still she will not, for that reason, be denied a divorce, unless such conduct was of a

character (of which there is no evidence in this case) to entitle the defendant to a divorce on his part. Hoffman v. Hoffman, 43 Mo. 547; Clinton v. Clinton, 60 Mo. App. 296. (3) Frequent and unjust charges of infidelity made against the wife by the husband constitute such indignities as to render her condition intolerable. Lewis v. Lewis, 5 Mo. 278; Clinton v. Clinton, 60 Mo. App. 296. (4) Defendant can not, in a divorce proceeding, rely on recriminatory matter unless it is pleaded. Owen v. Owen, 48 Mo. App. 208; Miller v. Miller, 14 Mo. App. 418. (5) The appellate court is not bound in a divorce case by the finding of facts of the trial court. The rule in equity prevails in such cases. Davis v. Davis, 60 Mo. App. 545; Griesedieck v. Griesedieck, 56 Mo. App. 94; Clark v. Bank, 57 Mo. App. 282; Baxter v. Donnell, 69 Mo. App. 588; Estes v. Fry, 94 Mo. 266.

POPE & BELCH for respondent.

The respondent submits that the trial judge, who had the parties and witnesses before him, was more competent to decide this case than anyone else could be, and this court would not be justified in reversing his action, except it was evident that the power of the chancellor was grossly abused.

SMITH, P. J.—This is an action for divorce, and the grounds thereof, as alleged in the plaintiff's petition, are that the defendant has offered plaintiff such indignities as to make her condition intolerable in that "he has frequently and continuously and within one year previous to the filing of this petition, charged plaintiff with being unchaste and unfaithful to him, and with being intimate with other men than defendant; that he has been inattentive to and neglectful of plaintiff when she was sick; that he has charged her with being lazy and wasteful; that he has said to her and of her that she would lie and steal; that she was a damned dog and a hypocrite; that he has frequently told her to leave his home;

that he has struck her several times and within one year, and otherwise cruelly mistreated her." The answer was in effect a general denial.

There was a trial where the plaintiff adduced evidence quite sufficient to establish a *prima facie* case entitling her to a decree.

Her own testimony, and that of two of her children, amply proved every substantial allegation of her petition.

There was no countervailing proof adduced. The plaintiff, a woman of good repute, but frail and delicate in health, was, according to the undisputed testimony, subjected by her husband to a long catalogue of indignities which we think were well calculated to render her condition intolerable. The coarse and brutal tyranny, which the testimony shows characterized the defendant's demeanor toward the plaintiff, finds no countenance in the law touching the relation of husband and wife. If the testimony before us is to be believed, and no reason is seen why it should not, the defendant's disregard of his marital duties was so flagrant and gross as to clearly justify judicial interference.

*Divorce: pleading: evidence: prima facie case.*

The payment by the defendant of the plaintiff's board during the time they lived apart was no more than the performance of a duty enjoined by law and afforded him not the slightest justification or excuse for the indignities offered by him to the plaintiff.

——: support of wife: defense.

It was not only his marital duty to afford her shelter, food, raiment and medical services, but to, at all times, treat her with kindness and affection. The learned trial judge concluded that the plaintiff had failed to make out a *prima facie* case and therefore refused to hear the testimony offered by the defendant, all of which action we think was improper.

We shall accordingly reverse the decree and remand the cause. All concur.