MARY E. LYNCH, Respondent, v. JOHN C. LYNCH, Appellant.

**St. Louis Court of Appeals, January 29, 1901.**

1. **Divorce:** AMENDMENT OF PETITION: PRACTICE, TRIAL. Where a petition for divorce did not state a cause of action in the first place, and an amendment of the petition was.allowed before evidence was heard, although defendant saved an exception to the amendment, the objection was without merit where no claim of surprise was shown, and no showing made that the averments prejudiced the defendant in any way.

2. ———: EVIDENCE: DECREE. In an action of divorce, a plaintiff is as much entitled to a decree when the evidence establishes a statutory ground of relief, as in any other action and a court has no discretionary right to refuse it.

3. ———: ———: ———. The only question in a divorce case is whether a cause prescribed by the statutes has been made out.

4. ———: ———: ———: ———: INDIGNITIES. Indignities contemplated by the divorce law as authorizing a decree of separation, consist of unmerited, contemptuous conduct; any act towards another which manifests contempt for him, contumely, incivility or injury accompanied with insult and amounting to a species of cruelty to the mind.

5. ———: ———: ———. In the case at bar, the payment of his wife's board-bill by the appellant was not the limit of consideration she was entitled to from him, as his testimony indicates was his impression.

Lynch v. Lynch.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Thomas M. & Cyrus H. Jones* for appellant.

(1)  The petition in this case is insufficient.  It stated conclusions of law only.  Story v. Ins. Co., 61 Mo. App. 534. Manker v. Faulhaber et al., 94 Mo. 430.  A legal cause of action must be stated.  Webber v. Life Ins. Co., 5 Mo. App. 51.  (2)  In the case at bar there was no legal cause of action stated in the petition, because the petition stated only conclusions of law.  The objection that it does not state a cause of action is not waived by failure to demur, nor is it cured by the finding of the court.  Webber v. Life Ins. Co., 5 Mo. App. 51.  (3)  The court erred, therefore, in admitting any evidence under the petition.  The defendant objected to any evidence being received under the petition, for the reason that it failed to state a cause of action against him.  The court overruled the objection.  This was error.  Wetmore v. Crouch, 55 Mo. App. 446; Munford v. Keet, 55 Mo. App. 502.  (4) The evidence was insufficient in law to warrant the court in rendering a decree on the evidence offered by plaintiff. Russell v. Bancroft, 1 Mo. 663; Lee v. David, 11 Mo. 114; Boland v. Railroad, 36 Mo. 484; Alexander v. Harrison, 38 Mo. 258; Charles v. Patch, 87 Mo. 450; Hyde v. Railroad, 110 Mo. 272.

No brief for respondent.

GOODE, J.—These parties were married in June, 1898, and lived together after a fashion until May, 1899, when there

was a separation resulting in the plaintiff filing her petition to be.divorced in August of that year.   The grounds alleged are the following indignities: deserting plaintiff for several months, refusing to eat at the table with her, charging her with allowing other men in her room during the appellant's absence and telling her he would never live with her.   An amendment of the petition was permitted before the evidence was heard, alleging the grievances last stated, in regard to refusing to eat with plaintiff, and other men visiting her room, and defendant's declaration that he would not live with her.   Appellant saved an exception to this amendment, but it is without merit. The petition did not state a cause of action in the first place, but no claim of surprise nor any showing that the new averments prejudiced the defendant in any way was made.   They were, therefore, properly allowed.   Utley v. Tolfree, 77 Mo. 307.

As appellant earnestly insists that the evidence did not warrant a decree in respondent's favor, we have carefully perused the entire record in order to pass understandingly on the matter.   The testimony of the plaintiff is that her husband never ate but three meals with her after their marriage, although they boarded at the same place; that almost from the first he would sleep in a separate room at the hotel and only came into hers for a moment or two occasionally.   This continued from June, 1898, when they were married, to October of the same year when he practically ceased visiting her at all, she says.

She testified further that he circulated reports charging her with improper intimacy with other men.   She upbraided him for this in the presence of witnesses, when he declared the statement was true and that certain parties had. come out of her room.   The testimony of the witnesses for the plaintiff shows this accusation was made by the defendant in a way

which amounted to charging his wife with adultery. He was a railroad fireman and made application to join a fireman's brotherhood or order which appointed a committee to investigate his conduct.

A witness by the name of Zachritz talked to Lynch and he swore the latter told him he was firing a passenger run one night and went to his wife's room to change his overclothes and when he went over there, there were a man and a woman in the bed. Lynch didn't say whether it was his wife or not, but said it was her room; that he didn't know whether it was she or not, but was satisfied that she was not true to him. Mrs. Houston, who kept the hotel where the parties boarded, testified that she told Lynch his talk about his wife's character was false and unwarranted and he knew it, to which he made no answer, except that his wife could have whatever she wanted, "but to live with her he never would." It appears that he paid his wife's board.

The testimony of the defendant himself as to these matters is evasive, unsatisfactory and in conflict with what the disinterested witnesses swore. He in effect admits he ate his meals at a different table from the one his wife sat at in the same dining room and occupied a separate sleeping chamber, attempting to excuse his behavior on the ground that he got in from his runs at irregular hours. He testified as follows: "Q. How often have you eaten with her since you have lived there? A. I never paid any attention to it. Her meals were ready when she wanted to go and eat and mine were. I agreed to pay for them and that is all there is to it. I can't lay off and stay at Newburg because a woman wants me to. I might be in there fifteen minutes or an hour or four hours and if she has got a room and everything she wants, what more is necessary. That is all you can expect of a railroad man and if she wants any more than that she will have to get somebody else."

As to the charge of infidelity, he says he went into her room (as he supposed) one night to change his clothes and there was another party in the room and he mentioned it to the party and was told his wife had changed to another apartment and "it was all right and there was nothing more about it." This is positively contradicted by the testimony of Zachritz and Mrs. Houston to whom he declared he would never live with his wife and was satisfied she was unfaithful to him.

In an action of divorce, a plaintiff is as much entitled to a decree when the evidence establishes a statutory ground of relief as in any other action, and a court has no discretionary right to refuse it. Ulrey v. Ulrey, 80 Mo. App. 48; Kilpatrick v. Kilpatrick, Ibid 70. The only question to be determined is whether a cause prescribed by the statutes has been made out.

An exception was saved to admitting Mrs. Lynch's testimony as to the charge of infidelity for the reason that confidential communications between husband and wife are privileged, but we find no testimony as to communications *inter sese*. Mrs. Lynch swore only to what transpired between them in the presence of third parties who were called to witness it. This was unquestionably competent. Schierstein v. Schierstein, 68 Mo. App. 205; Long v. Martin, 152 Mo. 668; Ayers v. Ayers, 28 Mo. App. 97. The further contention of the appellant is that, even granting he made the charge of improper intimacy against his wife, it constitutes but a solitary indignity and as such does not authorize a decree. We assent to the proposition of law invoked, but not to the contention that only a single injury was shown. The defendant's conduct throughout the brief married life of this unhappy couple was highly reprehensible and tended to continually affront, wound and humiliate his wife. His steady refusal to eat his meals at the same table with her when they were to-

gether in the dining room, his undenied habit of lodging in another room and scarcely noticing her for months, all without any testimony to show her guilty of the slightest wrongdoing of any sort, bring his conduct within the settled rule that the indignities contemplated by the divorce law as authorizing a decree of separation, consist of unmerited contemptous conduct; any act towards another which manifests contempt for him; contumely, incivility or injury accompanied with insult and amounting to a species of cruelty to the mind.    Goodman v. Goodman, 80 Mo. App. loc. cit. 281.    The payment of his wife's board bill by the appellant was not the limit of consideration she was entitled to from him as his testimony indicates was his impression.    She might lawfully claim civil treatment and kindness too.    Tripp v. Tripp, 78 Mo. App. 413.

Joined to such persistently distressing and humiliating demeanor of the defendant, extending practically over the period he and the plaintiff lived together, or in the same hotel, was the charge of her improper relations with other men.    He attempts to palliate this by saying that when he learned it was not her room he saw the alleged incident in, he said no more about the matter and it was all right.    But this is flatly contradicted by the testimony of Mrs. Houston and Zachritz as well as Mrs. Lynch, to all of whom he asserted he would never live with her, while to Zachritz, who was acting as a committee appointed by a lodge to inquire about their relations, he stated he was satisfied she was unfaithful to him.

His conduct was in keeping with what he said, and indicated an aversion to and contempt for her.    It is apparent he made no effort to dispel the unjust suspicion he had aroused about his wife, either by speech or action, nor to retract the charge.    On consideration of the entire evidence we do not find cause to interfere with the judgment, which with the concurrence of all of the judges, is affirmed.