## RANEY, Appellant, v. RANEY, Respondent.

### St. Louis Court of Appeals, December 17, 1907.

1. **DIVORCE: Statutory Right: Discretion of Court.** Where the plaintiff in an action for divorce has proved a statutory ground for divorce by uncontradicted testimony, her right to a decree is a legal one, and does not depend upon the discretion of the court.

2. ————: **Decree of Title to Property: Property in Husband's Name.** In rendering a decree of divorce in favor of the wife, she is entitled to a judgment vesting in her the exclusive title to notes payable to herself and husband, where it is shown that the notes were given for her own money loaned to the makers of the notes.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

REVERSED AND REMANDED (*with directions*).

*Joseph S. McIntyre* for appellant.

(1) The petition states a cause of action. One of the grounds for divorce in this State is "Where defendant shall offer such indignities to the plaintiff as to render her condition intolerable." R. S. 1899, sec. 2921. (2) Where the evidence establishes a statutory ground for divorce, the trial court has no discretion and the divorce must be granted. Ullrey v. Ullrey, 80 Mo. App. 48; Kilpatrick v. Kilpatrick, 80 Mo. App. 70; Lynch v. Lynch, 87 Mo. App. 32; Wares v. Wares, 122 Mo. App. 129. (3) Any unmerited contemptuous conduct, contumely, incivility or injury constitutes intolerable indignities under the statute. Goodman v. Goodman, 80 Mo. App. 274; Tripp v. Tripp, 78 Mo. App. 413. (4) Vile an abusive language and words reflecting upon the character of the plaintiff constitute a cause of action, and proof of the same entitled plaintiff to divorce. Schweikert v. Schweikert, 108 Mo. App. 477; Wald v. Wald, 119 Mo. App. 343.

BLAND, P. J.—The action is for divorce.    Omitting caption, the petition is as follows:

"Now comes the plaintiff and for her cause of action states that she was lawfully married to the defendant, George W. Raney, at the city of St. Louis and in the State of Missouri, on the seventeenth day of October, 1905, and continued to live with defendant as his lawful wife from and after the date of said marriage until the sixth day of February, 1907, when plaintiff and defendant separated.

"Plaintiff further states that after said separation she filed suit for divorce in this court, but that shortly thereafter, at the earnest solicitation of defendant, and relying on defendant's promise to treat plaintiff kindly and to conduct himself properly as her husband, she dismissed said suit and returned to defendant and lived with him as his wife until the —— day of May, 1907, when on account of renewed indignities and mistreatment of her by defendant, she again separated from the defendant, and at no time since said separation on said —— day of May, 1907, has she lived with defendant as his wife.

"Plaintiff further states that at all times since her marriage to defendant she has borne herself toward defendant as a true and faithful wife and performed her duties as such, and treated him at all times with kindness and affection, but that defendant wholly disregarded his duties as the husband of this plaintiff and has almost continuously since the day of their marriage offered her such indignities in his demeanor, acts and conduct as to render her condition intolerable, in this, to-wit: That defendant is possessed of a violent temper, which he neither controls nor attempts to control, that, beginning with the month of November, 1905, following their said marriage in October, defendant began to abuse plaintiff, to quarrel at her and to treat her with contempt, and incivility which treatment he has continued

from time to time up to the time of their said separation on the —— day of May, 1907; that repeatedly during their married life defendant applied to plaintiff vile and indecent epithets, and spoke to plaintiff in this language: 'You are a fool and a damned old crank;' that he frequently ordered plaintiff to leave her own home and told her that he did not want to live with her and did not want to see her. That during the months of January and February, 1907, defendant repeatedly threatened to leave plaintiff, and said that he did not want to live with her, that he would not be worried with her for all the property that she had, and quarreled with her almost daily and abused her in vile language in the presence of friends and neighbors, to her great mortification and humiliation.

"That at all times since the date of their said marriage plaintiff has furnished defendant with a good home and all the comforts of life, and at all times furnished him with spending money and in every way paid all the expenses of herself and this defendant. And that at no time has defendant made any effort to go into business or earn money in any manner.

"That defendant persuaded this plaintiff to loan various sums of money to his relatives, and that when plaintiff finally refused to make one loan of three thousand dollars ($3,000), this defendant flew into a rage and abused her in most violent language. That on the —— day of January, 1906, plaintiff, at the urgent solicitation of defendant, loaned the sum of fifteen hundred dollars ($1,500) to Samuel Threlkeld, a relative of defendant, which money was the individual property of this plaintiff, and that said Threlkeld executed his certain promissory note for said sum of money and that said note is made payable to plaintiff and defendant jointly, and secured by a certain deed of trust on real estate located in Monroe county, Missouri, and which

note is now in the possession, for the purpose of collection, of the Commercial Bank of Shelbina, Shelby county, Missouri, and that no part of said money belongs to defendant.

"That on the —— day of July, 1906, plaintiff, at the urgent solicitation of defendant, loaned Oscar Threlkeld and Louvenis Threlkeld, his wife, relatives of defendant, the sum of four hundred dollars ($400) for which they gave their certain promissory note for four hundred dollars ($400), secured by a deed of trust on real estate in the city of Shelbina, Shelby county, Missouri, and that said note was made payable jointly to plaintiff and defendant. That said four hundred dollars ($400) so loaned was the individual property of this plaintiff and that defendant had no interest whatever therein.

"That for the last few months previous to said separation defendant has, in their daily intercourse with each other, addressed plaintiff in offensive language without cause or provocation, and has exhibited in his conduct toward her no affection or respect, but on the contrary has exhibited a lack of affection and respect for plaintiff.

"Plaintiff further states that, notwithstanding said promise of defendant to treat plaintiff kindly if she returned to live with him as above set out, defendant has, since she returned to live with him on the —— day of March, 1907, daily abused and insulted her, and especially during the months of April and the first half of May, and so long as she continued to live with him. That at various times during said months of April and May, defendant has used the following or similar language in addressing plaintiff or speaking about her to others in the presence of friends and neighbors, to-wit: 'You are an old crank. I don't care anything in the world for you. I wish you would go away and stay and that I would never see you again. I don't care if you had

$1,000,000, I wouldn't live with you. You are an old fool;' and on the fifteenth day of April, 1907, defendant abused and cursed plaintiff, to her great mortification and humiliation.

"Plaintiff further states that she is a resident of the city of St. Louis, Missouri, and has resided in said State of Missouri more than one whole year next before the filing of this petition, and that the acts and things complained of herein were committed while plaintiff and defendant resided in the State of Missouri.

"Wherefore, the premises considered, plaintiff prays that she be divorced from the bonds of matrimony contracted as aforesaid with defendant; that the title to the said notes hereinabove set out, one for fifteen hundred dollars ($1500) and the other for four hundred dollars ($400) be decreed and vested, exclusively in this plaintiff, and that this Honorable court grant her such other and further relief as may seem meet and proper under all the facts and circumstances."

Defendant was duly served with process of summons but made default. Plaintiff, in her own behalf, testified to the truth of every material allegation in her petition, and in regard to the indignities charged therein was corroborated by the evidence of Mrs. M. K. Chamberlain, Mrs. Mary Schacklett and Mrs. Sarah J. Threlkeld. Defendant was brought in by the court and sworn as a witness. He did not, in terms, admit that he had mistreated his wife, yet he did not deny he had done so, or that he had offered her the indignities charged in the petition. His answers to questions asked for the purpose of eliciting evidence, in respect to his treatment of his wife, were evasive and unsatisfactory, yet they tend to show he was the guilty party. He testified that he disliked his wife, and stated that they could not live together and be happy; that they had always disagreed, or had always had discord and unhappiness. Plaintiff proved by a number of reputable

witnesses, who had known her for fifteen or twenty years, that she was a lady of culture and refinement, had always moved in the best class of society and that her character was, and always had been, the very best.

The trial judge, after hearing the evidence, dismissed plaintiff's bill. Plaintiff proved her case by unimpeached and uncontradicted testimony and, under the statute (sec. 2921, R. S. 1899) is entitled to a decree divorcing her from her husband. Her right to a divorce, under the evidence, is a legal right, not a matter resting in the discretion of the court. [Lynch v. Lynch, 87 Mo. App. 32.] She is also entitled to a judgment vesting in her the exclusive title to the two notes described in the petition.

Wherefore the judgment is reversed and the cause remanded with directions to the trial court to enter judgment for plaintiff, as prayed for in her petition. All concur.