ALBERT   HAMBERG,   Appellant,   v.   MINNIE
HAMBERG,   Respondent.

St. Louis Court of Appeals. Argued and Submitted March 9, 1910.
Opinion Filed March 22, 1910.

1. DIVORCE: Public Policy: Function of Courts. The courts have no concern with the policy of the adoption of the statute providing for the granting of a divorce for desertion without reasonable cause for the space of one year, their function being to administer the law.

2. APPELLATE PRACTICE: Disregard of Testimony by Trial Judge: Reason Stated of Record. Where a trial judge places no reliance on a case as made, on account of the manner or conduct of the witnesses or parties, and for that reason disregards the testimony, and so states of record, the appellate court would hardly fail to follow him.

3. DIVORCE: Desertion: Sufficiency of Evidence. In a suit for divorce for desertion under section 2921, Revised Statutes 1899, allowing a divorce where either spouse has absented himself or herself without a reasonable cause for the space of one year, evidence *held* to show desertion within the statute.

4. ————: Decree Goes as Matter of Right, when Evidence is Sufficient. Where the defendant in a proceeding for divorce by her conduct has furnished cause which the statute declares to be sufficient to entitle plaintiff to a divorce, he has a right, granted by the law, to a decree, he not being in fault.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

REVERSED AND REMANDED *(with directions).*

*Charles H. Brock* for appellant.

(1)   The circuit court erred in dismissing plaintiff's petition, as under the law and the evidence, he is entitled to the relief prayed for in his petition.   (2) The defendant, under the circumstances of this case, absented herself from  plaintiff. without  reasonable cause.   Grove v. Grove, 79 Mo. App. 142; Freeman v. Freeman, 94 Mo. App. 504.

REYNOLDS, P. J.—Suit by plaintiff against defendant for divorce on the ground of desertion, suit commenced September 4, 1908.   Both parties, it is averred, lived in this State and in the city of St. Louis the statutory period required for residence and for giving jurisdiction to the circuit court of that city. The ground set out is desertion, it being alleged that defendant had absented herself from plaintiff without a reasonable cause for the space of one year.   Defendant was personally served but made default.   At the final hearing of the cause plaintiff testified that he was a resident of the city of St. Louis; that he and defendant were married in 1898, and began living together in the city of St. Louis immediately after the marriage and had continued to live there together until the 6th of June, 1905, when the defendant left him; that plaintiff had always treated defendant with kindness and consideration, gave her all the money he could spare outside of his own personal expenses; that the allowance to her for her expenses depended upon what he made, if he made $27 a week he would sometimes give her as high as $24 out of the $27; that defendant was engaged in dressmaking business all of the time the parties were married and did not attend to household duties, the household work being performed for a time by a sister of the defendant and a greater part of the time by plaintiff's mother, who lived with plaintiff and defendant and did the household work; that defendant

had induced plaintiff's mother to come and live with them for that purpose and that after she came to the house the mother took charge of it; that defendant kept all the money she earned in her dressmaking business herself; had told plaintiff she did not care for him; was tired of him and intended to leave him. She told him a short time prior to leaving that she had seven thousand dollars. Plaintiff testified that he believed that that was correct as the defendant had been receiving money all the time they lived together from the proceeds of her dressmaking business and that this was in addition to what plaintiff had given her; that she made from twenty to thirty dollars a week and saved every cent of it; that after defendant left him in June, 1905, they had never lived together as husband and wife. About three weeks after defendant left plaintiff, she met him and wanted him to give her five dollars a week. Plaintiff told her then that the only way he would give her any money was for her to come and live with him; that he could not be expected to support her while she still lived away from him. Defendant told him that she would not do that; that she did not care for him and said to him, "I have had you for a sucker and for what I wanted." Three witnesses testified to the good character of plaintiff and that they had known plaintiff and defendant while they lived together; that plaintiff's conduct to the defendant had always been kind; had never seen or heard of quarrels between them or of any mistreatment on the part of plaintiff. Plaintiff's mother testified that the defendant "did not treat plaintiff right;" that she had never heard defendant make any complaint about the treatment she had received. She was living at the home of the parties when defendant left and took up her residence with a sister. Defendant told this witness that she was going to live with her sister and told her before the World's Fair that she had seven thousand dol-

147 App—38

lars. There were no children born of the marriage. This was practically all of the evidence for plaintiff.

At the instance of the court defendant was brought into court on subpoena. She testified that she had left plaintiff on the 6th of June, 1904 or 1905. In answer to a question by the court, she stated that she left plaintiff because she did not want to live with him any longer; didn't care for him any more; had grown tired of him, "he was not just exactly as he ought to have been;" grew tired of him because she did not think he gave her sufficient support; gave her ten or fifteen dollars a month. Was employed in the hat business; also kept a rooming house sometimes; supposed plaintiff earned more money than he said he did, although she never knew exactly what he earned. Plaintiff had not always given her fifteen dollars a month and never gave her more than that from 1898 until 1905, when she left. Her reason for leaving plaintiff, she repeated, was that she grew tired of him; she did not care for him any more and had no affection for him. There was no one else that she had any affection for, but she thought that if plaintiff had given her sufficient support she would be living with him yet. In answer to a question of the court as to whether she would care to go back and live with plaintiff, she answered, "Well, at that time I left, I do not think he cared for me." On cross-examination she testified that plaintiff had never abused her personally. This was substantially all the testimony in the case. At the conclusion of the trial the court entered a decree dismissing the bill. Plaintiff in due time filed a motion for new trial which was overruled, exception saved and appeal duly perfected to this court.

The statute governing divorce (section 2921, R. S. 1899) specifically allows a divorce in cases where either party to the marriage "has absented himself or herself without a reasonable cause for the space of one year." With the policy of adopting such a statute and consti-

tuting absence, or to use the common expression, de-
.sertion, without a reasonable cause for the· space of one
year, a cause for divorce, the courts have no concern.
All we can do is to administer the law. When it is
proven beyond controversy, as it was in this case, that
the facts authorizing the decree exist, the injured party
has a right, under the statute, to the decree. Reluctant
as the appellate courts are to interfere with the con-
clusion of the trial. judge on the facts, when a case is
presented to us which clearly meets the requirements
of the statute, we are not at liberty to shelter ourselves
behind the conclusion arrived at by the learned trial
judge and follow his finding on the facts. The evidence
in this case is plain and free from contradiction. It is
all one way. No outside facts or circumstances throw
any doubt over it, or detract from the testimony of
all the witnesses. A clear case of absence without
reasonable cause for over three years prior to the insti-
tution of the suit is proven. There is no suggestion of
collusion. If, from the manner or conduct of the wit-
nesses or parties, the trial court places no reliance on
the case apparently made, and for that reason disre-
gards all the testimony, it is very easy for him to make
that appear of record. When it is so exhibited, the
appellate court will hardly fail to follow him. But no
such state of facts appears here. Not a word of tes-
timony reflects upon the character of the plaintiff. It
appears to be a case where the very foundation upon
which all marriages should rest, that is to say, mutual
affection, is absent. But that has nothing to do with the
determination of the case. This is a case made out by
evidence that entitles plaintiff to the decree. As import-
ant as it is to the safety of the community to preserve
sacred and inviolate the marriage relation, courts can-
not deny relief when a case is made out under the law.
When a defendant, by her conduct, has furnished cause
which our statute declares sufficient to entitle plaintiff
to the relief which that statute gives him, he has a right,

granted by the law, to the decree—he himself not being in fault. This is a right secured to him in this as in all cases, by the command of our National and State Constitutions, that all our citizens shall be afforded the equal protection of the law. The legislative branch of our government, not the judicial, is, under our Constitutions, National and State, the lawmaking power. If our divorce laws are wrong, the place to amend them is in the Legislature, not in the courts.

The judgment of the circuit court is reversed and remanded, with directions to that court to enter up a decree awarding the divorce to the plaintiff. All concur.