## CALLIE DONLEY, Appellant, v. CHARLES DONLEY, Respondent.

**St. Louis Court of Appeals.   Submitted on Briefs October 6, 1910.**
**Opinion Filed October 24, 1910.**

1. **DIVORCE: Habitual Drunkenness for One Year: Statute.** Occasional intoxication is not "habitual drunkenness for the space of one year," under section 2921, Revised Statutes 1899, providing for a divorce on that ground; and the term "for the space of one year" used in the statute means one year of the marriage.

2. ————: **Failure to Support.** That a husband does not give his wife money is not of itself a failure to support.

3. ————: **Desertion: Sufficiency of Evidence.** Evidence *held* insufficient to entitle a wife to a divorce for desertion.

4. ————: **Appellate Practice: Review of Evidence.** On appeal in divorce actions, the appellate court will review the evidence and award the judgment the trial court should have awarded.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*Lawrence McDaniel* for appellant.

(1) The circuit court erred in dismissing plaintiff's petition, as under the law and evidence she is entitled to the relief prayed for in her petition. (2) The defendant, under the circumstances of this case, absented himself from plaintiff without reasonable cause. Grove v. Grove, 79 Mo. App. 142; Freeman v. Freeman, 94 Mo. App. 504; Hamberg v. Hamberg, 126 S. W. 808.

REYNOLDS, P. J.—This is an action for divorce by the wife, plaintiff, against her husband, commenced in the circuit court of the city of St. Louis the 23d day of July, 1908. The parties were married in St. Louis county, February 23, 1907. There are some charges in the first count of the petition to the effect that defendant frequently and without the consent and against the wishes of plaintiff went out at night and remained away from the home of plaintiff and defendant until unreasonably late hours and frequently returned to the home under the influence of liquor; that defendant was of a cross and sullen disposition and would frequently refuse to speak to or in any way recognize plaintiff; that during the time they had lived together defendant did not give or furnish plaintiff any money whatever for her support. It is further averred that on the 9th of April, 1907, defendant, without any reasonable cause or any cause whatever, deserted plaintiff and remained away from their home until the 17th of July, 1907, when defendant returned and remained there one day. This is the substance of what is called the first cause of action. "As a further cause of action," it is charged that on the 18th of July, 1907, defendant without any reasonable cause or any cause whatever, deserted plaintiff and has absented himself from plaintiff without any reasonable cause for a space of one whole year and more next

preceding the filing of the petition and during said time has contributed nothing to the support of plaintiff; that no children were born of the marriage; that plaintiff is now a resident of the city of St. Louis and of the State of Missouri and has resided in the state for one whole year and more next preceding the filing of the petition. Defendant was personally served but made no appearance and filed no pleading. On a hearing before the court, default having been taken, the court, after the plaintiff and her witnesses had testified, ordered the defendant to be subpoenaed for examination. This was done and he appeared and was examined by the court as a witness. At the end of the hearing the court dismissed the action. Plaintiff, after filing a motion for a new trial and excepting to the overruling of it, has duly perfected an appeal to this court.

While the petition charges acts of occasional intoxication, there is no charge in it that the defendant had "been addicted to habitual drunkenness for the space of one year," as required by statute, section 2921, Revised Statutes 1899, section 2370, Revised Statutes 1909. In fact there is no evidence to sustain such a charge, even if it had been made. Occasional intoxication, which is all that is pretended to have been the case, is not habitual drunkenness for the space of one year—which means one year of the marriage—and the parties here separated within the first year. Nor is there any charge of a failure to support, beyond the charge that defendant had not given plaintiff any money, which is not, of itself, a failure to support. The case in fact must rest on the question of causeless desertion, or, as the statute has it, that the husband has absented himself "without a reasonable cause for the space of one year." We have read all of the testimony in the record and are satisfied that the learned trial judge arrived at a correct conclusion in dismissing the action. It appears from the testimony in the

case that the parties, after their marriage, which took place at Wellston, in St. Louis county, went to reside at the home of the plaintiff's parents. They had no home of their own. Whether defendant paid any board for himself or wife is not in evidence. Plaintiff at the time of the marriage was about eighteen years and the defendant about twenty-three years of age. They were both working people and had no means beyond that resulting from their labors. A consideration of the testimony leads to the conclusion that their separation was more the result of childish impatience and lack of mutual forbearance than from irreconcilable incompatibility or any other cause. It appeared that after their first separation they resumed their marital relations on one day, July 17, 1907, but on the next day, July 18, 1907, the husband left, saying he was going to Kansas City and would send for his wife as soon as he found employment. He does not appear to have gone away from St. Louis, nor did he return to his wife. Nor has the wife, according to her own testimony, ever made any effort to bring about a reconciliation. It further appeared in evidence that prior to the institution of this present action, the wife had filed suit for divorce in St. Louis county which had been dismissed by that court on hearing. As the defendant filed no answer and made no resistance to the action, there is no plea of former adjudication, but the court evidently considered that with other facts in arriving at its conclusion, this occurring at the examination of the plaintiff by the court:

"Q. Is it true that you had one divorce suit before this? A. Yes, sir.

"Q. Where? A. At Clayton, Missouri.

"Q. What became of it? A. It was dismissed.

"Q. Dismissed, why? A. I didn't wait and hear, I suppose—

"Q. Did you try the case, I mean? A. Yes, the case was tried.

"Q.   Then you moved into the city and brought this suit?   A.   Yes, sir.

"The court:   Well, you might as well have stayed in the county, because your bill will be dismissed.   I do not want to make myself a party to having children run together and run apart at will.   These young people did not know, when they were married, what they were undertaking.   There is absolutely no reason why these easy divorces should be granted, and I for one, will not be a party to it."

Reading all the testimony in the case, we think that the learned trial judge arrived at a correct conclusion.   To permit the marriage relation to be lightly dissolved, and under the facts here presented, cannot fail to lead to immorality.

We are cited by learned counsel for appellant to the cases of Grove v. Grove, 79 Mo. App. 142; Freeman v. Freeman, 94 Mo. App. 504; Hamberg v. Hamberg, 147 Mo. App. 591, 126 S. W. 808.   The two latter cases have no analogy in their facts to the case at bar.   In Grove v. Grove it is laid down as a rule governing the action of appellate courts in divorce cases, that it is the duty of the appellate courts to review the evidence and award such judgment as the trial court should have awarded.   That is the undoubted and settled rule in this state in these actions. The very fact that an appeal lies, is an unmistakable expression of the legislative will.   While statutory actions, they are treated as suits in equity, as suits in which the appellate court is to review them, not on the law alone, but on the whole record; on the facts as well as on the law.   Reading the record and drawing our own conclusions upon the weight to be given to it, and independent of the action of the learned trial judge, we say that we concur with him in his conclusion on the facts.   The judgment of the circuit court is affirmed.   *Nortoni, J.,* and *Caulfield, J.,* concur.