LULA A. ALLFREE, Appellant, v. SAMUEL H. ALLFREE, Respondent.

Kansas City Court of Appeals, January 5, 1914.

1. DIVORCE: Evidence: Finding of Trial Court not Binding on Appellate Court. In a suit for divorce the appellate court is not bound by the conclusions reached by the trial court but will examine the evidence and decide for itself whether the proper result has been reached.

2. ————: ————: Sufficiency of Evidence Entitles Party to Divorce. When the evidence shows a party is entitled to a decree of divorce, courts have no more discretion to refuse the relief than in any other case. In this case, however, the evidence is examined and the conclusion of the trial judge that neither party is entitled to a divorce is approved.

Appeal from Bates Circuit Court.—*Hon. C. A. Calvird*, Judge.

AFFIRMED.

*J. F. Smith* and *A. F. Evans* for appellant.

*Smith & Chastian* for respondent.

TRIMBLE, J.—A suit for divorce by a wife on the ground of indignities. The husband denied the allegations of the petition and filed a cross-bill. A trial was had and the circuit court refused to grant a divorce to either party and dismissed both the petition and the cross-bill. The defendant abided the result; the plaintiff appealed. She asks this court to review the evidence and reverse the judgment because the evidence shows that she is entitled to a divorce under the law.

It is true that in a proceeding for divorce, the appellate court is not bound by the findings of the trial court, but can and must examine the evidence and decide for itself whether the proper conclusion has been reached. [Torlotting v. Torlotting, 82 Mo. App. 192; Barth v. Barth, 168 Mo. App. 423.]

It is also true that where the evidence shows a party is entitled to a divorce, the courts have no power or discretion to refuse it. [Lynch v. Lynch, 87 Mo. App. 32; Hamburg v. Hamburg, 147 Mo. App. 591.] But the question is, does the evidence in this case establish clearly plaintiff's right to a divorce?

Before taking up this question it may be well to dispose of a complaint made by plaintiff as to the action of the court in overruling her motion to strike out portions of defendant's cross-bill. As the court dismissed the cross-bill, thereby finding against defendant on the pleading attacked, it is not seen what ground of complaint can accrue to plaintiff even if the court's action on the question was erroneous. It is not seen in what way the court's mind was diverted from the issues by the matter in the cross-bill which plaintiff sought to have stricken out. As the record is presented to us, it is somewhat uncertain just what portions were

asked to be stricken out, but by a painstaking investigation it is believed we have ascertained and marked nearly all of such portions. As thus ascertained we find some of them relevant to the issue presented by plaintiff's petition and her evidence adduced in support thereof. If other portions contain irrelevant matter, the testimony in support thereof was gone into on both sides without objection, and the testimony on such alleged irrelevant matter is not such as to affect the question of plaintiff's right to a divorce either way. The action of the court in overruling plaintiff's motion to strike out, whether erroneous or proper, cannot affect in any way the disposition to be made of the case.

It is unnecessary to go into a detailed statement of the evidence. Plaintiff and defendant were married January 16, 1906, and lived together on plaintiff's farm until August, 1912, when without warning or notice of any kind, she brought suit for divorce, and after the papers had been served upon her husband, she directed him to get his mortgaged property away from there. Defendant obeyed the direction and, taking the broad hint implied, took himself away also.

The charge in the petition is that defendant was an habitual drunkard; that he spent his time in idleness and failed to properly support plaintiff and their little girl; that he was cross and unkind to plaintiff and generally neglectful of her. If these charges, or any of them, were clearly established by the evidence, no doubt plaintiff's complaint at being refused a divorce would be well founded. We have carefully read the evidence, however, and are constrained to say that we have reached the same conclusion as the learned trial judge. The evidence wholly fails to show that defendant was an habitual drunkard. Nor does it show that he failed to support his wife and little girl. It is doubtless true that defendant has not been as successful in business as some other men, or as successful a financier as his frugal, energetic, ambitious wife

would like for him to be. But the testimony is that he worked on the farm and endeavored to manage it, and that what it produced was used in support of the family. It was shown that the farm was in a poor, run-down condition when he went upon it; that he has improved it to some extent, though his father-in-law gave them the money to erect the buildings thereon; that he has had some ill luck or misfortune in his business ventures; but there is nothing to show a lazy, voluntary, failure to provide for his family. At least there is certainly no such testimony as would justify us in disagreeing with the trial court's findings.

It, of course, is possible that the defendant may not have been as kind and thoughtful or considerate of his wife's feelings as he should have been. Men can be brutes at home and subject the members of their families to many grievous indignities by little acts too numerous and elusive to be enumerated or stated with their proper force and effect. They can do all this at home and yet be considered model gentlemen elsewhere. But it must also be remembered that a little thing, amounting to nothing at the time— an impatient word or look or hasty demand—arising solely out of the vexations of life, and understood by all to be the result of a mere temporary and evanescent feeling and not of a settled and fixed disposition or of constant recurrence, can afterward be seized upon and related in such way as to appear momentous and of great importance. It is true that little unkindnesses and discourtesies, constantly repeated and uninterruptedly shown, can render a woman's life miserable and make her condition intolerable. When such is the case, the evidence, ought in some way, to disclose that fact. But, in the instances adduced in this case to prove the indignities heaped upon the wife, we have an illustration of how little things can be magnified and made to appear out of all proportion to their importance until reduced to their proper size and place

under the searching effect of cross-examination. 'For example, it is charged against defendant that when plaintiff's baby was born, he was so callously indifferent to her situation of helplessness, suffering, and danger, that he left her and went upstairs and went to bed and slept while his wife was in the pangs of childbirth and in need of sympathy and attention.  But when the matter is sifted, it is found from the lips of disinterested witnesses—not the defendant—that what really occurred was this:  The approach of labor began to manifest itself about eleven o'clock at night.  The defendant called the physician and made arrangements for him to come out.  There were ladies present at that time to minister to the wife's wants.  There being nothing to do until nature's processes should begin their work, and the defendant being very tired from his day's work, he went to a room and lay down on the bed fully dressed, with directions to the women folks to call him when the doctor arrived.  He fell asleep and the women did not call him until a female relation came about two o'clock in the morning, and, upon asking for him, was told he was upstairs asleep.  She went to his room and called him, telling him his wife was suffering, whereupon he jumped up excited and surprised, and said he did not know of it as he had not been called.  He then came down and remained with his wife, rendering what assistance a helpless man can on such occasions, until the child was born some twelve hours later.  This sample of the coldness, brutality and neglect charged to have been constantly manifested toward his wife is not of a character to impress us with the seriousness of the neglect charged at other times when merely described as such in general terms.

Again, apparently he was wantonly tyrannical and arbitrary in his demand that the little girl should not sleep with its aged grandmother, and, without reason or excuse, objected to her doing so.  But when it is

discovered that the grandmother had catarrh and that it is not good for a young child to sleep with an old person even when the latter is in perfect health, and that this was the defendant's reason for objecting, the tyranny and meanness of his objection disappears.

It is needless to analyze the evidence further. As presented it did not furnish grounds for a divorce to either party, and the trial court so found. After a careful reading of the testimony we cannot say the trial court was wrong. The testimony as it appears to us in cold type inclines us to the same conclusion manifested by the judgment rendered. Unless it strongly inclined us the other way we would be disposed to defer considerably to the superior advantages the trial court had of weighing the testimony, since he saw and heard the witnesses; observed their demeanor and was fully cognizant of the general atmosphere of the case.

As to the court's action in excluding certain testimony, we cannot say it was erroneous because, in some instances, we do not know what the excluded testimony was, nor what, if admitted, it would tend to prove. As to certain other testimony excluded, its admission could have had no possible effect upon the result of the case. Judgment affirmed. All concur.