Gloria Lee HICKS, Plaintiff-Appellant,

v.

R. R. HICKS, Defendant-Respondent.

Gloria Lee HICKS, Respondent,

v.

R. R. HICKS, Appellant.

Nos. 7201–7203.

Springfield Court of Appeals.

Missouri.

July 27, 1954.

J. Grant Fry, Cape Girardeau, for Gloria Lee Hicks in Case No. 7201.

R. P. Smith, John L. Keusenkothen, Cape Girardeau, for R. R. Hicks in Case No. 7203.

BLAIR, Judge.

As there were two appeals in these consolidated cases, known as cases No. 7201 and No. 7203, the plaintiff-appellant, in case No. 7201, will be designated as the plaintiff, and the appellant in case No. 7203, will be designated as the defendant and, in this way, we hope to avoid confusion in the opinion. Both cases involve the marriage status.

Plaintiff and defendant were married June 16, 1950, and separated June 11, 1951, when plaintiff deserted defendant for alleged misconduct of defendant. Defendant was reputed to be forty-seven years old and the plaintiff was twenty-six years of age. It was a second marriage for each of them. The record is silent as to whether or not the former marriages were ended by death or divorce. Defendant was a dentist in Cape Girardeau and had accumulated some property, not entirely free of debt, and the plaintiff, from some source, had about $450 in money. They set up housekeeping in property owned by defendant and formerly occupied by him.

Defendant filed his answer to plaintiff's petition on May 3, 1952, and filed an amended answer and counterclaim November 20, 1952. Neither plaintiff nor defendant had any children when they were married. About five months after her marriage with defendant, plaintiff discovered that she was in a family way. According to plaintiff, knowledge of her pregnancy was very displeasing to defendant. She left defendant and returned to her mother about two months before the birth of her child.

On November 13, 1952, the trial court permitted both defendant and plaintiff to re-open their cases and introduce further testimony. Plaintiff was permitted to file her amended petition on November 22, 1952, and plaintiff filed her further reply on November 28, 1952. The trial court permitted plaintiff and defendant to introduce additional evidence on December 11, 1952, and on that date the trial court heard additional testimony and the cause was taken under advisement. On February 12, 1953, the trial court rendered its final decree, denying plaintiff a divorce on her petition and denying defendant a divorce on his cross claim. Plaintiff and defendant were each granted an appeal to this Court.

In Count II–C of defendant's crossbill, defendant charged plaintiff with abandonment for the space of more than one year before the filing of his crossbill. This charge was probably sufficient under Section 452.010, Laws of Missouri, 1949, V.A.

M.S., if there were no facts which tended to show that the abandonment was with cause.

In Bauman v. Bauman, Mo.App., 17 S.W. 2d 594, 596, the trial judge was held to be the exclusive judge of the weight of the testimony of the witnesses who appeared before him. In that case, however, the trial court was held in error in not granting the husband a divorce. So, in case Hess v. Hess, Mo.App., 183 S.W.2d 560, 565, the court was held erroneously to have refused to grant a divorce, where the undisputed testimony showed that the wife was entitled thereto. And, in Boudinier v. Boudinier, 240 Mo.App. 278, 203 S.W.2d 89, 97, it was held that the appellate court could disagree with the findings of the trial court and render a judgment of divorce, where such a decree should have been entered in the trial court.

We do not dispute the right of the appellate court to disagree with the findings of the trial court. There is ample evidence in this case, if believed by it, to justify the trial court in finding that plaintiff had reasonable cause for abandoning the defendant. Defendant's treatment of plaintiff was far from ideal. He was cold and indifferent. No matter what occurred, prior to the marriage, he contended that she was not entitled to an explanation. He perhaps led her to think that he was experienced with the conduct of other women, before he met plaintiff. This was denied by defendant. Such conduct, though not a ground for divorce, is the basis of much suspicion on the part of the wife, and is scarcely justifiable on the part of the husband.

While appellate courts should review the evidence with great deference to the findings of the trial court, appellate courts are not bound by such findings, even though they do not have the advantage of the trial courts in seeing and hearing the witnesses, as they testify. The cases cited by defendant hold nothing more than that. He cites no others on that point.

Plaintiff cites, Barth v. Barth, 168 Mo. App. 423, 151 S.W. 769, 770; Ramos v.

Ramos, Mo.App., 232 S.W.2d 188, 196; Frank v. Frank, Mo.App., 238 S.W.2d 912, 915.

These cases hold nothing to the contrary. Then the defendant cites four cases which, we believe, are just as applicable to the evidence of plaintiff. They are: Holschbach v. Holschbach, 134 Mo.App. 247, 114 S.W. 1035, 1039; Donley v. Donley, 150 Mo.App. 660, 131 S.W. 356, and Hess v. Hess, 232 Mo.App. 825, 113 S.W.2d 139, 142; Hoffman v. Hoffman, Mo.App., 224 S.W.2d 554, 561.

We have examined all of these cases and they hold that indignities, to justify the severance of the marital status, must be substantial and sufficient to constitute mental cruelty and to make continued cohabitation intolerable. We feel that there is nothing whatever in the evidence to justify such a claim by defendant or by plaintiff.

We find nothing in the record to justify plaintiff's contention that the keeping in the home of some clothing belonging to J. C. Reynolds, a former girl friend of defendant, was a shock to plaintiff. Such information could have been easily a shock to the wife. However, it was not in this case. Such information could not have been the cause of the separation. The defendant told plaintiff, soon after or before the marriage, that said woman left some clothes in the home, and he said he did not want them destroyed. They were in the house all the time after that until plaintiff left to go to her mother's to have her baby.

Nor can we say that defendant's alleged stinginess and niggardliness were sufficient to cause a separation of the marital relation. Nor do we think that the evidence about vermin being upon defendant's clothing and upon his body was sufficient to cause such separation, and defendant's displeasure at plaintiff's pregnancy was not sufficient to amount to mental cruelty. Besides, defendant denied making unfavorable comparisons with plaintiff in respect to other women, and also denied his objection to plaintiff's participation in social events.

The trial court heard the testimony and and we see no reason to disagree with its conclusion. The trial court had the witnesses before it and could form an opinion of whether or not their testimony was believable. We do not have this advantage.

The trial court's judgment denying both plaintiff and defendant a judgment must be approved, and its final judgment affirmed.

It is so ordered.

McDOWELL, P. J., and STONE, J., concur in result.