## Riggins v. Riggins.

(Decided October 14, 1921.)

### Appeal from Logan Circuit Court.

1. Divorce—Order for Temporary Alimony—Case Pending.—A case is pending in the Court of Appeals for at least thirty days, not including Sundays (section 760 Civil Code of Practice), after the rendition of the opinion, unless by agreement of parties or some order of court the mandate issues sooner than that time; therefore, an order for temporary alimony made in this court, pending the appeal, is not discharged till the issuing of the mandate pursuant to the requirements of the section of the code referred to.

2. Divorce—Custody.—Under the facts of this case, as appears from the opinion and the one referred to therein, the court did not err in allowing the father to take the infant child, which was in the custody of the mother, to his home every Sunday, procuring it from the wife after breakfast and returning it to her before sundown, on the ground that the imperative terms of the order forced the wife to relinquish the possession of the child irrespective of its physical condition or weather conditions, since those matters may be regulated by the court where the case is still pending on the docket.

3. Divorce—Allowance to Attorneys.—Record examined and found that an allowance to the attorney for the wife of $100.00 in payment of services in this court only cannot be disturbed on the ground that it is insufficient.

I. G. MASON for appellant.

S. Y. TRIMBLE, S. R. CREWDSON and R. W. DAVIS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming in part and reversing in part.

This is the second appeal of this case; the opinion disposing of the first one is found in 191 Ky., page 22. The action was brought by appellant, Edith Riggins, against her husband the appellee, Jesse Riggins, to obtain a divorce from him upon the grounds of cruel and inhuman treatment. The defendant answered denying the alleged grounds and by a counterclaim he sought the single relief of obtaining for himself the custody of an infant child born as the result of the marriage. Upon a submission and hearing of the action the trial court dismissed the petition as well as the counterclaim, from which judgment the wife prosecuted an appeal to this court, (which is the opinion referred to above) and the judgment was affirmed on both the original and cross appeals.

When the case was tried below, and also when the judgment was affirmed by this court, the wife had the custody of the child, and, since the judgment made no provision for its father to visit it or have it in his custody any of the time, this court in the opinion referred to said: "The circuit court will retain this case on its docket and enter an order requiring the defendant to pay to the plaintiff each month $25.00 for the support and maintenance of the infant, the allowance to begin at such time as the *pendente* allowance now being paid to the mother shall cease; and in addition will enter such order as will permit the father to visit and see the infant at least once a week. The appellee will pay all the costs in this court, including a reasonable fee for her attorneys to be fixed by the circuit court."

The opinion of this court was rendered on March 18, 1921, but on February 4, prior thereto, a motion for temporary alimony to the wife pending the appeal was sustained and the husband was directed to pay her $40.00 per month during the pendency of the appeal, beginning from January 17, 1921, and that order was the only alimony allowance existing in the case. The mandate from this court did not issue until April 23, 1921, which was thirty days after the rendition of the opinion, excluding Sundays, and in strict compliance with section 760 of the Civil Code. After the filing of the mandate and the opinion of this court in the court below there was a judgment entered directing defendant to pay plaintiff for the support of the child $25.00 per month, beginning March 18,

1921, which was the day the opinion on the first appeal was rendered, and which we suppose was upon the theory entertained by the court that the temporary allowance made her by the order of February 4, 1921, ceased on that day. In so holding we think the court was in error, since the case was pending in this court until the mandate issued, and the temporary allowance made to plaintiff by that order did not cease till that date. Defendant should be required by the last judgment, from which this appeal was prosecuted, to pay the plaintiff at the rate of $40.00 per month as temporary allowance up to the date of the issuance of the mandate, and the payment of the $25.00 for the support of the infant child should begin at that time. We would, perhaps, not have jurisdiction to make this correction (under the doctrine announced in the case of Hoffman v. Hoffman, 190 Ky. 13, and cases referred to therein) were it not for the fact that we have jurisdiction to review that part of the judgment appealed from fixing defendant's right "to visit and see the infant at least once a week," as directed in the former opinion, and where this court has jurisdiction for one purpose it may review all the questions raised on the appeal, though some of them standing alone would not be sufficient to confer jurisdiction.

In the judgment appealed from, rendered, as we have seen, pursuant to the directions of this court on the former appeal, the court directed that the defendant might take the infant child to his home each Sunday, calling for it after breakfast and returning it to its mother before sundown on the same day, in whose custody it should be "throughout the remainder of each week;" and further ordered that "this method and plan shall be followed by the parties until the further orders of the court herein."

There is serious objection made to this part of the judgment because (a), it makes no provision for excusing plaintiff from complying with it by delivering the child each Sunday to the defendant regardless of its physical health or the condition of the weather, and because (b), the court, in the former opinion, did not contemplate the taking of the child away from its mother, but only that defendant should visit it at the place of the mother's residence at least once each week.

We find no merit in either of these contentions. If there should be a rule for contempt issued against plaintiff for failing to comply with the terms of the order the court upon the trial thereof would give a practical con-

struction to its judgment and would not allow a literal construction of it to affect the manifest welfare of the child or to imperil its health and possibly its life. So that, if during any particular Sunday the circumstances are such that a literal compliance with the order would manifestly result disastrously to the child the mother would be excused from complying with the order on that particular occasion; but it might be said in passing that no subterfuge on her part should be allowed to interfere with defendant's right as given him by the order.

The position taken in contention (b) would not carry out the spirit and intent of the rule allowing, in all divorce cases, the right of the parent who does not have the custody of infant children reasonable opportunity to see them and to enjoy their society and association, for in the great majority of cases, as appears to be true in this one, the feeling existing between the parents is such that a mere visit to the home of the custodian of the children would amout practically to a denial of the right given in such cases. It is our conclusion, therefore, that the judgment in this respect did not depart from anything contained in the former opinion and was proper.

Further carrying out the directions of this court the attorney for plaintiff, upon a return of the case, was allowed in the judgment appealed from a fee of $100.00 for his services rendered in this court, and plaintiff complains on this appeal that the allowance was insufficient. No payment for services rendered in the preparation and trial of the cause is or was intended to be included in the allowance now called in question. Payment for those services was made by an allowed fee to plaintiff's attorney upon the first trial of the case below and of which no complaint was made on the first appeal. The only services rendered on that appeal, and for which the questioned allowance was made, was the filing of a brief for appellant and making the motion for her temporary alimony pending the appeal. The original record is before us and we have examined the brief filed by appellant's counsel therein and the motion he made for her temporary allowance, and we have no trouble in concluding from them (which is the only evidence before us) that the allowance of $100.00 in payment therefor was amply sufficient and that there exists no cause for complaining of the judgment in this respect.

Wherefore, the judgment is reversed with reference to the time when the monthly payments for the support

of the child should begin and when the temporary alimony allowed by this court should cease, with directions for the court to modify the judgment as herein indicated, but in all other respects it is affirmed.