## Hertel v. Hertel.

(Decided March 14, 1924.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Divorce—Judgment Cannot be Disturbed, But Evidence Considered in Determining Right to Alimony.—On appeal a judgment of divorce cannot be disturbed, but the evidence with reference thereto is reviewable upon the question of right to alimony.

2. Divorce—Finding Against Unchastity Held Proper.—In action for divorce on the ground of unchastity, a finding in favor of the defendant held proper under the evidence.

3. Divorce—Judgment Awarding Personalty in Wife's Hands to Her Construed and Allowance of Personalty to Wife Held Proper.— A judgment awarding wife "alimony in the lump sum of $7,500.00, and is to retain the personalty received by her during and by reason of the marriage as testified to in the evidence," held to treat such personalty as the husband's and to restore it to him, and then allot it to divorced wife as part of the alimony awarded her, and this was proper, under Civil Code of Practice, section 425, and Kentucky Statutes, sections 2121, 2122.

4. Divorce—Alimony to Wife Held Not Excessive.—An award of alimony to divorced wife of $7,500.00 in cash and not to exceed $1,500.00 in personalty was not excessive as against divorced husband, whose net worth was $18,000.00.

5. Divorce—Allowance for Counsel Fees Held Not Excessive.—In divorce case, where husband was worth about $18,000.00 an allowance of attorney fees of $1,000.00 to wife held not excessive.

6.  Divorce—$200.00 for Attorneys on Appeal Allowed.—Attorneys
for divorced wife were allowed $200.00 for services on appeal.

HICKMAN & WITHERS, L. A. HICKMAN and SAM'L TATE for
appellant.

H. N. LUKINS and ALFRED SELLIGMAN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming
on both appeals.

Appellant sued appellee for divorce, charging her
with conduct proving her to be unchaste. She denied the
charge, and by counterclaim sought a divorce and ali-
mony upon the ground of cruel and inhuman treatment.
The trial resulted in a judgment for the wife, and by
cross-appeals both parties complain of the allowances
for alimony and attorney fees.

The judgment of divorce cannot be disturbed, but
the evidence with reference thereto is reviewable because
determinative of appellant's contention that appellee
was not entitled to alimony.

Appellant attempted to sustain his charge by evi-
dence of Marie King, who conducts an assignation house,
that during a visit to a Mrs. Kaster in Jacksonville,
Florida, appellee committed adultery at Mrs. King's
place, on March 22, 1921, with one Claude O'Donnell,
and by evidence of J. E. Armstrong, a detective whom
appellant sent to Florida to watch his wife, that on
March 27th she permitted O'Donnell to hug, kiss, and
make love to her in an automobile parked in a secluded
place off the road, and that her conduct with one Ross
for several weeks was improper.

Appellee flatly contradicts the evidence of Marie
King, and both appellee and Ross deny that there was
anything improper, or even personal to appellee, in his
visits at the home of Mrs. Kaster during her stay there,
or that they were ever together alone, or at all except
on the front porch of Mrs. Kaster's home or in some
public place.

The Hertels were married and lived together as
husband and wife in Louisville for twenty-five years,
and there is no claim that she was ever guilty of miscon-
duct of any kind except upon a single occasion many
years ago, which was clearly disproved, and upon this
visit to Florida. It is therefore not surprising that the

chancellor accepted her denial of the alleged assignation at the King place on March 22nd, rather than the testimony of Marie King, which she sought to strengthen by the production of her alleged hotel register bearing on its face convincing evidence of its falsity; or that he attached no importance to evidence, furnished by the detective dispatched to Florida by appellant to obtain evidence against his wife, that Mrs. Hertel and Ross were frequently together in the presence and on the front porch of her hostess.

This leaves, as the only evidence of importance to sustain appellant's charge of unchastity, already somewhat discredited by the character of other evidence produced against her by the same agency for the same purpose, the occurrence with O'Donnell in an automobile, on March 27th, proven by Armstrong, and admitted in a statement prepared by him and signed by Mrs. Hertel immediately thereafter in the presence of Armstrong and several local detectives hired by appellant to assist him.

No one testified about this occurrence but Armstrong and Mrs. Hertel, although three parties from the detective agency admittedly in appellant's hire were with Armstrong at the time and Mrs. Kaster and one Jack Rice were also in the automobile.

Mrs. Hertel's testimony is that O'Donnell and Rice were mere boys (and it otherwise appears they were about half her age); that they boarded across the street from Mrs. Kaster, and she agreed to go for a ride with them and Mrs. Kaster only after the latter's insistence she do so; that Rice and Mrs. Kaster occupied the front seat while she and O'Donnell were in the rear seat; that after they got out of town a short distance, Rice stopped the car, turned off the lights, and claimed something was the matter with the engine; that she became alarmed, and Rice and Mrs. Kaster were assuring her there was nothing to worry about, when Armstrong and another detective appeared, and O'Donnell threw his arm about her as Armstrong flashed a light into the car; that she was immediately taken to the detective agency, threatened with arrest and imprisonment that night and publication of the affair in the papers next day if she did not sign the paper prepared by Armstrong; that after refusing to sign it, she signed it without reading it to avoid the threatened consequences of her refusal.

Armstrong's statement is, that the automobile had been parked and the lights off for about thirty minutes before he flashed the light in the car; that Mrs. Hertel was then lying on O'Donnell's shoulder with her leg thrown across his, and that he had his left arm around her; that before he flashed the light he heard the parties kissing, laughing, and having a good time generally. The statement signed by Mrs. Hertel is the same in effect as Armstrong's statement.

A careful consideration of all the evidence bearing upon this affair convinces us, as it did the chancellor, that Rice and O'Donnell were operatives of the local detective agency employed by appellant to procure evidence against Mrs. Hertel; that this whole affair was prearranged by the detectives, and therefore evidences their methods rather than guilty conduct upon the part of their unsuspecting and possibly indiscreet victim; and that, as the chancellor put it, "the statement signed by defendant in the detective's office was coerced under conditions calculated to make her sign anything presented to her."

Appellant therefore failed to sustain his charge of unchastity, and as a consequence the chancellor did not err in dismissing his petition or in granting appellee a divorce and alimony.

The judgment, after restoring to appellant certain real estate held in the name of appellee, adjudges that she be allowed "alimony in the lump sum of $7,500.00, and is to retain the personalty received by her during and by reason of the marriage as testified to in the evidence." In a further paragraph, the judgment provides, "When the terms of this judgment are performed, the court adjudges that each party has returned to and accounted to the other for all property, real or personal, acquired by either from the other under, during, or by reason of the marriage."

It is provided by both section 425 of the Code and section 2121 of the statutes, in substance, that upon divorce the parties shall be restored the property obtained from the other during and by reason of the marriage. It is therefore contended that so much of the judgment as permits appellee to retain the personalty given her by appellant during and by reason of the marriage, must be reversed.

The judgment, however, clearly treats this property as appellant's, and is the same in effect as if it expressly restored it to him and then allotted it to appellee as part of the alimony awarded her.

That the judgment is not susceptible of any other construction is obvious, and the question then is, whether such articles of personalty may be awarded a wife as part of the alimony allowed her. There certainly is no express prohibition against it being done. Upon the other hand, section 2122 of the statutes provides:

> "If the wife have not sufficient estate of her own she may, on a divorce obtained by her, have such allowance out of that of her husband as shall be deemed equitable, and be restored to the name she bore before marriage."

It seems necessarily to follow that an allotment of property other than cash out of the husband's estate to the wife as alimony, is error only if inequitable, as this court has held in two recent cases. Bean v. Bean, 164 Ky. 810, 176 S. W. 181; Duke v. Duke, 198 Ky. 173, 248 S. W. 500.

It certainly can not be said it is inequitable for the chancellor to allot to a wife, out of the husband's estate, articles of furniture and personal adornment given her by him, unless by reason of their value the whole allotment is too great.

This brings us to a consideration of the value of appellant's estate, to determine whether $7,500.00 in cash and not to exceed $1,500.00 in other personalty, is an excessive allowance to appellee as alimony.

Appellant's counsel concede appellant's net worth to be $18,000.00 or $19,000.00, although he fixed it somewhat lower. A disinterested, competent witness fixes the value of his real estate above his indebtedness at about $27,000.00. According to appellant's own testimony, his net annual income from his business is in excess of $5,000.00. His wife has nothing, is not well, and is not fitted to do anything but household work. When they married, he had nothing but a job paying him $60.00 a month, and she is entitled to at least some of the credit for his business success and accumulations. Their only child, a son, is grown and making his own living. Under all the circumstances, we are unable to say that the allowance of alimony is either excessive or inadequate, or for any reason inequitable; nor do we feel justified

from the record in disturbing the chancellor's allowance of $1,000.00 to appellee's counsel for their services in the lower court.

The judgment is therefore affirmed upon both appeals, and appellee's motion for an allowance for her attorneys for their services in this court is sustained, and they are allowed $200.00, but her motion for *pendente* allowance for herself is overruled, since the affirmed judgment provides for payment to her of $85.00 a month from the date of its rendition until it is satisfied.