## King v. King.

(Decided March 5, 1926.)

## Appeal from Barren Circuit Court.

1. Wife of insane husband·may sue for divorce, alleging cruel and inhuman treatment previous to husband's confinement in asylum.
2. Divorce.—No appeal can be prosecuted from order granting divorce.
3. Divorce—Evidence of Husband's Indebtedness to Wife, Given by Wife and Husband's Banker, Held to Support Judgment for Such Amount, Though Wife Incompetent.—Where, in wife's suit for divorce, both she and husband's banker testified as to husband's indebtedness to her, verdict was not unsupported by evidence on ground that wife's evidence was incompetent.
4. Divorce.—Where marriage was dissolved by divorce, wife was entitled to return of money that husband obtained from her through and by virtue of marriage, and not merely proportionate part of land in which it was invested (Ky. Stats., section 2121).
5. Divorce.—Twenty-five dollars per month for 20 months as alimony held not excessive.
6. Divorce.—Excessiveness of fees of attorneys and guardian ad litem, who are not parties to appeal in divorce suit, cannot be considered.
7. Divorce—Where Wrong Disposition of Children is Made in Divorce Suit, Court Can Modify its Decree.—Where it appears, after divorce decree, that children of divorced husband and wife are neglected, or that arrangement for their custody is not securing them care and attention that they would perhaps get under some other arrangement, court can modify its decree accordingly.

WHITE & SMITH for appellant.

V. H. BAIRD, W. L. PORTER, C. H. HATCHETT, D. T. RALSTON and BAIRD & RICHARDSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Upon the petition of the appellee as plaintiff below, she was divorced from the appellant, whom we will call the defendant. In addition to securing a divorce, she recovered a judgment against him for $4,032.00 with interest from December 11, 1922, same being for money which she had let him have during the marriage, in consideration thereof, and to secure the payment of which she was adjudged a lien upon a certain tract of land belonging to the defendant, upon the purchase price of which defend-

ant had paid this money. The Home Insurance Company, summoned as garnishee, was ordered to pay to the plaintiff $480.24 which it admitted owing the defendant, and which was ordered credited upon this $4,032.00 claim. A fee of $500.00 was allowed to V. H. Baird, C. H. Hatchett and Porter & Ralston, attorneys for the plaintiff, $250.00 was allowed to W. E. Jones, for his services as guardian *ad litem,* and the defendant was ordered to pay to the plaintiff monthly installments of $25.00 each for twenty months. Plaintiff was awarded the custody of two of the children, Andrew Wilson King and Eugenia Garnett King, and defendant was awarded the custody of the oldest child, Ernest Wilborn King. From that judgment the defendant has appealed, and in his statement, names Katie King only as appellee.

These parties were married on March 15, 1914, lived together as husband and wife until October 25, 1922. On March 18, 1922, defendant was adjudged a lunatic, and committed to the asylum at Lakeland, Ky., and in December, 1922, plaintiff began this action, alleging cruel and inhuman treatment previous to defendant's confinement in the asylum. This is permissible.

See Huston v. Huston, 150 Ky. 353, 150 S. W. 386. Previous to the filing of this suit, defendant had been released from that asylum, but he has never been adjudged restored to his sanity.

The wife having been granted a divorce, of course, no appeal can be prosecuted from that order, and the defendant has directed his efforts in this court to the remainder of the judgment. He insists that the wife's evidence was not competent, except upon the question of the alleged cruelty of the husband to her, and that for that reason there is no evidence to support the judgment for $4,032.00; but he is mistaken in this, as the evidence of the bankers with whom the husband kept his bank account, establishes that item fully.

He next insists that this $4,032.00 consists of $3,800.00 which his wife claims to have advanced him and interest accrued thereon. He says that when this $3,800.00 was obtained, he paid it upon a tract of land which he had bought at the contract price of $6,500.00, and he contends that the wife should only recover 38/65 of this land; but he is wrong in this contention. He obtained this money through and by virtue of his marriage, and when the marriage is dissolved, under section 2121 of the Kentucky Statutes, the wife is entitled to a return of the

money. The money in this case has been traced into this land, and the action of the court in adjudging her a lien upon it is approved.

The allowance of $25.00 per month for twenty months as alimony is certainly as little as the court could have allowed, if the wife was to be allowed anything, and that by virtue of the attachment she obtained and had levied thereon is approved.

The defendant complains of the size of the allowances made to Jones and the attorneys, but that is a matter that we can not correct upon this appeal, as W. E. Jones, to whom the $250.00 allowance was granted, is not a party appellee to this appeal, nor are V. H. Baird, C. H. Hatchett or Porter and Ralston parties, consequently, this court can not review that part of the judgment that affects them. Bartlett v. Louisville Trust Co., 212 Ky. 13, 277 S. W. 250.

The disposition of the children made by the trial court, we are not disposed to disturb, and hence, approve. If it shall hereafter appear that any of these children have been neglected or if the court shall hereafter discover that the arrangement made is not securing for these children the care and attention which they would perhaps get under some other arrangement, the Barren circuit court can then modify its decree.

The judgment is affirmed.