## Johnnie C. King, By, etc. v. Katye King, et al.

(Decided January 28, 1927.)

### Appeal from Barren Circuit Court.

1. Divorce—Husband's Ability to Pay Must be Considered in Determining Fee of Wife's Attorneys in Divorce Suit.—In determining what fee should be allowed a wife for her attorneys in her divorce

or alimony suit, the court must consider the husband's pecuniary ability to pay, as well as the character of the services rendered and the amount of work done.

2.   Divorce—$500.00 Allowance for Fee of Wife's Attorneys in Her Divorce Suit Held Excessive by $200.00.—Where judgment for alimony and restoration of property to wife practically stripped husband of all his property, and he was mentally incapable of earning as much as a normal person, and testimony, though considerable, was taken in six sittings, and pleadings were neither voluminous nor involved, an allowance of $500.00 for wife's attorneys' fee held excessive by $200.00.

.3.   Divorce—Husband's Appeal from Judgment for Wife in Her Divorce Suit Held Not to Preclude Appeal Against Her Attorneys, Not Parties to First Appeal.—Husband's appeal from a judgment for his wife in her divorce suit held not to preclude a subsequent appeal against her attorneys, who were not parties to the first appeal.

WHITE & SMITH for appellant.

PORTER & RALSTON, C. H. HATCHETT and V. H. BAIRD for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In the case of King v. King, 214 Ky. 171, 283 S. W. 73, we declined to consider the complaint of the appellant therein concerning the fee allowed the attorneys of his wife, the appellee therein, because the attorneys to whom the allowance had been granted were not made parties to that appeal. Thereupon the appellant filed in this court another copy of the judgment involved in that case, and had the clerk grant him an appeal against those lawyers, who are now the present appellees. Appellant was then granted by this court the right to prosecute this appeal on the record in the former case of King v. King, *supra.*

In determining what fee should be allowed a wife for her attorneys in her divorce or alimony suit, not only must the court consider the character of the services rendered and the amount of work done, but it must also consider the pecuniary ability of the husband to pay. See Purcell v. Purcell, 197 Ky. 627, 247 S. W. 760. In this case the judgment of alimony and the restoration of property to appellant's wife practically stripped him of all the property he had or has. The record shows that for a while he was confined in the Lakeland Asylum, and, although there no longer, his ability to labor and earn money is not as high as that of an absolutely normal per-

son. While the record comprises about 250 pages of testimony, they were taken in six sittings. The pleadings are neither voluminous nor involved. Under all the facts of this record we are of opinion that the allowance of $500.00 against the appellant is too high, and that the allowance should not have exceeded the sum of $300.00. If the attorneys representing Mrs. King feel that the services they rendered to her were worth more to her than this, they must look to her for such balance and not the appellant.

It is urged, however, that the appeal in the former case precludes the appellant prosecuting this appeal. The judgment appealed from was several in its nature. The present appellees were not parties to the other appeal; hence the former appeal does not preclude this one.

Judgment reversed, with instructions to enter a judgment in behalf of the appellees in the sum of $300.00.