RUTH SUSANNA GARTNER, petitioner-appellant,

*v.*

FREDERICK GARTNER, JR., defendant-respondent.

[Submitted May 29th, 1931. Decided October 19th, 1931.]

*Mr. Samuel Harber,* for the appellant.

*Mr. Anthony P. La Porta,* for the respondent.

The opinion of the court was delivered by

DONGES, J.

This is an appeal from a decree of the court of chancery dismissing appellant's petition for divorce.

The divorce was sought on the ground of extreme cruelty, it being alleged that the husband had communicated syphilis to the wife. The amended petition had a count seeking annulment and a second count seeking divorce. The annulment count was abandoned and appellant stands on the second count. At the time the action was begun the defendant was in an institution and, there being doubt as to his mental capacity, the clerk in chancery was appointed guardian *ad litem* for the defendant and counsel was appointed to represent him.

The parties were married January 5th, 1922, and lived together for over five years. In 1927, the husband was taken violently ill and his ailment was diagnosed as syphilis. The wife consulted a physician and tests showed that she was infected with the disease, for which she has since been under treatment. Several physicians examined her in April, 1927, and found her suffering from syphilis in the tertiary stage. They testified that the disease would not so develop under several years so that the testimony shows that the disease was contracted by her several years before her husband's disease had progressed to a point where he was affected mentally.

Defendant's sister testified that when defendant returned from the Mexican border in 1911, where he had been serving in the army, she saw medicines in the bathroom of their home, and, on questioning defendant as to them, he stated that he had contracted a venereal disease from a Mexican girl. This sister testified that she questioned her brother when he an-

nounced his intention to marry appellant and he stated that a doctor told him he was cured. Defendant subsequently told his sister that the disease was syphilis and that, in the circumstances, he could not expect his wife to live with him. A doctor testified that defendant had syphilis in an advanced stage in 1927, and that it was of some years standing.

The appellant was permitted to testify over the objection that she was disqualified because of the legal disability (insanity) of the defendant. Subsequently, the advisory master struck out her testimony and proceeded to a determination without considering it. We deem it unnecessary to pass upon the propriety of the action of the master, because we think the appellant is entitled to a decree without the use of her testimony.

The advisory master denied a decree to appellant because he concluded it did not appear that respondent had knowledge that he had the disease during the time that he sexually cohabited with appellant. In this we think he was in error.

The testimony reasonably shows that appellant was free of disease when she married respondent; that, as a consequence of sexual intercourse with her husband, she contracted syphilis; that respondent knew he was infected with the disease prior to his marriage; and that he had reason to know he was suffering from the disease during the period of cohabitation with his wife. We think the true rule was stated by Chancellor Walker, in *Danielly* v. *Danielly, 93 N. J. Eq. 556:*

"It has been held that when a husband, afflicted with a venereal disease, having reason to know it, has communicated it to his wife, he is guilty of extreme cruelty. *Cook* v. *Cook, 32 N. J. Eq. 475.* See, also, *Crane* v. *Crane, 62 N. J. Eq. 21, 26; Rogers* v. *Rogers, 81 N. J. Eq. 479, 484.* It is gross cruelty for a husband to communicate to his wife a venereal disease, and if he does it, his knowledge of his condition and the danger of infection will be presumed. *1 Bish. M., D. & S. ¶ 1581."*

· The advisory master also found that the insanity of respondent was a complete defense to the action. The testi-

mony discloses that the parties separated for the cause aforesaid in 1927, and that for a year and a half thereafter respondent conducted his affairs and was competent. The right of action was complete before the respondent could be said to be mentally incompetent. The instant case differs from one where desertion is charged and the statutory period of desertion occurred during the insanity of the alleged offending spouse as in *Porter* v. *Porter, 82 N. J. Eq. 400,* relied upon by the master.

The above view leads to a reversal of the decree below and the granting of a decree of divorce to the petitioner and appellant.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.