# Martin et al. v. Martin.

(Decided Feb. 26, 1935.)

HUBERT MEREDITH for appellants.

W. C. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellant and appellee were married April 5, 1929, and lived together as husband and wife until June 5, 1933. On August 31, 1933, appellant brought this action for a divorce on the grounds of habitual drunkenness and cruel and inhuman treatment. The circuit court granted the appellant the divorce she sought, but refused to allow her alimony in any amount. Her attorney was awarded $100 attorney's fee, to be paid by the appellee. The plaintiff and her attorney have appealed, and now insist that the circuit court erred in failing to grant her alimony and in refusing to award her attorney a fee of more than $100.

The evidence introduced by the plaintiff fully substantiated the allegations of her petition and sustained both grounds relied upon for a divorce. It showed a confirmed habit of drunkenness on the part of appellee over a period of not less than one year's duration, accompanied with a wasting of his estate, and that he frequently cursed and abused the appellant, especially when he was drunk. Appellee, introduced no proof, and, so far as the record discloses, the appellant was entirely free from blame. Under

these circumstances, she was entitled to alimony as a matter of right. Harley v. Harley, 255 Ky. 370, 74 S. W. (2d) 195; Brandenburg v. Brandenburg, 252 Ky. 338, 67 S. W. (2d) 27; Walden v. Walden, 250 Ky. 379, 63 S. W. (2d) 290; Jones v. Jones, 239 Ky. 153, 39 S. W. (2d) 262; Moore v. Moore, 231 Ky. 829, 22 S. W. (2d) 251; Ramey v. Ramey, 224 Ky. 398, 6 S. W. (2d) 470; Asbury v. Asbury, 221 Ky. 744, 299 S. W. 723.

No proof was introduced as to appellee's earning capacity nor as to the value of the property owned by him, but in his answer he admitted that he was employed at a salary of $75 a month and that he owned real and personal property worth $3,000 and that his debts amounted to $905. He later filed an amended answer in which it was alleged that he had lost his position since the filing of the answer and that his only income was $20 a month, the rentals from his real estate.

In estimating the allowance of alimony, there is no fixed standard. A number of circumstances must be considered, among them the size of the husband's estate, his income and earning capacity, his age, health, and ability to labor. The record does not disclose appellee's age, but there are circumstances from which it can be inferred that he is a young man.

Appellant, two months after the separation, went to Washington, D. C., and procured employment at a salary of $125 a month, but she claims that the employment is temporary. She owns no property, and the mere fact that she is working and earning a salary does not relieve appellee of his duty to support her. According to his own admissions, he owns real and personal property worth $2,100 in excess of his debts, and, while he was unemployed when the case was tried, he is able to work and has potential earning capacity.

We conclude that, under the circumstances, the appellant is entitled to alimony in the sum of $600.

The record is small, and, considering the character and extent of the services rendered, the allowance of $100 attorney's fee was ample for the services rendered by appellant's attorney in the circuit court, but for his services in this court he is entitled to an additional allowance of $50.

The judgment is reversed, with directions to enter a judgment in conformity with this opinion.