[No. 29214. Department Two. December 15, 1943.]

SUE L. COBB, *Appellant,* v. RALPH C. COBB, *Respondent.*[1]

[1]Reported in 143 P. (2d) 856.

*George F. Hannan,* for appellant.

*Charles H. Heighton,* for respondent.

*Lloyd W. Shorett* and *Anne Marie Thompson, amici curiae.*

SIMPSON, C. J.—Plaintiff instituted this action for the purpose of securing a decree of divorce from the defendant. After trial the court made its findings of fact and conclusions of law, but denied a decree and rendered judgment of dismissal. The judgment was based upon the ground that the defendant had not been confined in an institution for the insane for a period of five years. Plaintiff has appealed. The assignment of error is that the court erred in dismissing the action.

Respondent was represented at the trial by his guardian *ad litem,* attorney Charles H. Heighton, and the state by Anne Marie Thompson, deputy prosecuting attorney for King county.

The undisputed facts, which were recited in the findings of fact, are these: Appellant and respondent were married December 23, 1930. At and prior to their marriage, the respondent was afflicted with the disease of syphilis, which was unknown to appellant. She lived with him for several years before she became acquainted with the fact relative to her husband's physical condition. The disease affected respondent's mental condition to such an extent that he became affected with incurable chronic mania and dementia, and was, June 6, 1940, committed to the Western Washington Hospital for the insane. Respondent has remained at the institution since the date of commitment.

Rem. Rev. Stat., § 982 [P. C. § 7501], subsections 5 and 9, read as follows:

"Divorces may be granted by the superior court on application of the party injured, for the following causes: . . .

"5. Cruel treatment of either party by the other, or personal indignities rendering life burdensome. . . .

"9. In case of incurable, chronic mania or dementia of either spouse having existed for five years or more, while under confinement by order of a court of record, the court may, in its discretion, grant a divorce."

It is argued on behalf of respondent that subsection 9, just quoted, controls this action, in that a divorce cannot be secured against an insane person except he comes within the provisions of that subsection.

Section 2000, Code of Washington Territory, mentioned seven grounds upon which divorces could be granted, but did not include insanity as a cause of divorce. As disclosed by Laws of 1885, page 120, the legislature in that year passed an act which reads:

"Section 1. That section 2000 of the Code of Washington Territory be, and the same is amended by adding to and at the end of said section, the following, to-wit:

"And in case of incurable, chronic mania or dementia of either party, having existed for ten years or more, the court may in its discretion grant a divorce."

The amendment to which we have just referred was carried into chapter XXVI, p. 42, Laws of 1891. The legislature, in 1921, chapter 109, p. 331, Laws of 1921, amended the section relative to insanity to read as set out in Rem. Rev. Stat., § 982.

It is clear to us that the intent of the legislature, when the act was first passed in 1885, was to make insanity of itself a cause or ground for divorce; further, that the legislature intended it to be an additional ground for divorce, unrelated to those causes of action already set out in the statute. Had the legislature in succeeding years intended to change the idea of the legislature that passed the act originally, it would have undoubtedly mentioned that fact in the amendment to which we have called attention.

Actions for divorce may be maintained against an insane spouse in cases where the grounds or right of action accrued prior to the time of the insanity of the offending party. *Toepffer v. Toepffer*, 151 Kan. 924, 101 P. (2d) 904; *King v. King*, 214 Ky. 171, 283 S. W. 73; *Gartner v. Gartner*, 109 N. J. Eq. 112, 156 Atl. 673. See note in 42 A. L. R. 1531, section II(b).

The evidence in this case is that respondent treated appellant cruelly and inflicted upon her indignities rendering her life burdensome, and that these acts of cruelty were

committed prior to the time that respondent became insane and could not be attributed to his mental condition. We hold that upon those facts the appellant was entitled to the decree of divorce.

The judgment will be reversed with instructions to enter a decree granting a divorce to appellant.

MILLARD, BLAKE, ROBINSON, and MALLERY, JJ., concur.

