## Bobbitt v. Bobbitt et al.

March 10, 1944.

B. J. Bethurum, Gladstone Wesley, and John S. Cooper for appellant.

H. C. Kennedy for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Denying Motion.

On February 18, 1944, we affirmed a judgment of the Pulaski Circuit Court awarding the appellee, Florence Bobbitt, $2,000, alimony, and her attorney a fee of $500. 297 Ky. 288, 178 S. W. (2d) 986. We were, of course, without jurisdiction to review so much of the judgment as awarded the appellee an absolute divorce, and, although her attorney had been named as a party appellee in the husband's statement of appeal, no question was raised as to the reasonableness or propriety of awarding against the husband the attorney's fee mentioned. On February 25th, appellee's attorney filed in this Court a motion to allow him the sum of $250 for his services rendered the appellee in resisting appellant's appeal, to be taxed as costs and paid by appellant. Thus, in effect, we are asked to reopen the appeal and decide a question not there presented, and to this extent supplement our former order of affirmance.

In addition to the practical difficulties arising from what might be styled the looseness of practice involved in such a proceeding, for example, the necessity of writing a supplemental opinion if the reasonableness of the fee should be contested, we are faced with the question,

whether the ends of justice are served by countenancing such a practice. It is all very well to say that, having read the record, we are in a position to judge correctly the value of the services rendered in this Court by the wife's attorney, but the fact remains that the Chancellor is better informed as to the scale of fees prevailing in his district, the relative financial resources of the litigants, and other factors entering into the determination of a proper attorney's fee, which matters, if not disclosed in the record, as is the situation here, could only be presented to us through affidavits.

Moreover, we are confronted with the more fundamental question, whether, being primarily a court of review, and vested with original jurisdiction in only a few matters specifically designated by Section 110 of the Constitution, we have the right to determine, except upon review of a Circuit Court's finding, the liability of an individual to pay to another any sum of money, other than the taxable costs due an official of the Commonwealth, or a person appointed by this Court, or under its direction, to render services in a pending proceeding.

In the case of Kelly v. Kelly, 183 Ky. 172, 576, 209 S. W. 335, we denied a request of the wife's attorneys to extend our opinion, fix the amount of their fee for services rendered her in this Court, and give the Circuit Court proper directions regarding it, remarking that it was a matter about which the Circuit Court had never adjudicated, and that this Court upon such a subject was a court of review.

In the case of Riggins v. Riggins, 191 Ky. 22, 228 S. W. 1030 (see also second appeal, Id., 192 Ky. 500, 234 S. W. 5), we impliedly approved our ruling in the case of Kelly v. Kelly, supra; and in the case of Kreiger v. Kreiger, 194 Ky. 812, 241 S. W. 828, we expressly approved the doctrine of the Kelly case, holding, however, that it did not preclude this Court, on application of a destitute wife in litigation with her husband, from making an allowance to her to enable her to employ an attorney to represent her in a pending appeal where the Circuit Court had failed to do so.

It is thus obvious that if the principles governing the decisions in the cases cited are to be adhered to, the motion of appellee's counsel for an allowance for services rendered by him to appellee in this Court should be

overruled, all of which, since we have concluded that these principles are sound, might have been expressed by the entry of an order overruling the motion. The desirability, or at least, the propriety of writing an opinion on the subject, is occasioned by the probability that the bar has been misled as to the proper procedure to be pursued in matters of this kind by inadvertent rulings and remarks made by us in cases other than those cited, notably, Hertel v. Hertel, 202 Ky. 422, 259 S. W. 1025; Littleton v. Littleton, 229 Ky. 353, 17 S. W. (2d) 204; Martin et al. v. Martin, 258 Ky. 177, 79 S. W. (2d) 682; Horton v. Horton and Horton et al. v. Horton, 294 Ky. 374, 171 S. W. (2d) 424. To the extent that they conflict with the principles in this opinion re-affirmed, the cases last cited are overruled.

Nothing herein contained is to be construed as a denial of the right of the parties affected to move the Circuit Court, upon the filing of the mandate disposing of the appeal, to grant the relief sought by the present motion.

Whole Court sitting.