# Morris v. Morris.

June 1, 1945.

Hiram H. Owens for appellant.

J. D. Tuggle and V. A. Jordan for appellee.

Opinion of the Court by Stanley, Commissioner —Affirming.

The case involves the custody of a child. A divorce was granted appellant, Sallie Morris, from the appellee, Cecil Morris, upon her counterclaim. The custody of their child born February 7, 1937, and then nearly seven years of age, was placed with his father's mother "pending further order of the court." Each parent was given the "right to be with and visit said child at any and all reasonable times, but not to take the child from the present custodian." The mother, who presently lives in Detroit where she is employed, appeals from that part of the judgment and insists that the chancellor should have given her the custody of the child under one of three different proposals made in her testimony, viz., (1) she would leave the child with her landlady, with whom he had been left when both parents were working in Detroit, while she is at work and outside of his school hours; or (2) she would place him with her father and mother, who live in Corbin; or (3) she would give up her job and come back to Kentucky and care for the boy.

These young people went to Detroit to work in defense plant industries in the latter part of 1942. Two or three months later they brought the child to his fa-

ther's mother, who lives in a suburb of Barbourville, and paid her $25 a month to keep him. Some time afterward the father returned to Corbin and filed suit for divorce and custody of the child. At the time the proof was taken he was operating a taxi-cab in and around Corbin. The testimony which he introduced to establish lewd and lascivious conduct on the part of his wife merely cast a cloud upon the innocence of her conduct. It seems to us that he failed in his charges and that the evidence establishes the mother of the child to be a proper person to have his custody so far as her character is concerned. But we do not believe it would be to the best interest of the child to give him into his mother's custody to be taken to Detroit and to be left at the boarding house while his mother is at work as she proposed.

The proof shows the appellant's father, who lives in Corbin, to be a good man, and so far as the moral status is concerned, that his home would be all right. But it is somewhat crowded and this grandmother is not in good health.

The child's parents had agreed to leave him with his paternal grandmother while both of them were away. Two of her daughters live with her, and one of them, who teaches in Barbourville, takes the child to school every day. We think he is being especially well cared for.

It has been eighteen months since the judgment was rendered and it may be that the conditions have materially changed. The matter is and will remain within the jurisdiction of the circuit court and the chancellor has full discretionary power to modify the order of custody upon proof of the present situation of all the parties. Under the circumstances, we think the judgment is proper.

It is also argued that the judgment is too indefinite in having merely adjudged the wife to be the owner of the "household goods stored in the residence of the mother of the plaintiff and that they shall be immediately delivered to her". Doubtlessly time has taken care of this. If the appellant did not obtain all she was entitled to, the circuit court had power to enforce the judgment specifically.

It is submitted that the appellant should be allowed

the cost of this appeal, including an attorney's fee. We recently reviewed the matter of costs on appeal in a divorce action and held it to be within the power of the circuit court to determine their payment, stating that we would not act originally upon a motion of this kind. Bobbitt v. Bobbitt, 297 Ky. 28, 178 S. W. 2d 986.

The judgment is affirmed.