# Andrews v. Andrews.

Dec. 4, 1945.

Arthur T. Iler for appellant.

A. J. Bratcher for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—
Affirming.

Appellant instituted this action against appellee for
divorce, upon the grounds of abandonment and cruel and
inhuman treatment. Appellee counterclaimed for ali-
mony, but did not seek a divorce. The Chancellor dis-
missed the petition, awarded appellee alimony in the
amount of Twenty-Five Dollars ($25) per month, and
allowed her attorney of record a fee of Fifty Dollars
($50), to be taxed as costs against appellant.

Appellant is seventy-five years of age, appellee fifty-
five. They were married in the year 1930. In the early
part of the year 1941, appellant's finances became some-
what involved and, at his request, a committee was ap-
pointed for him. In August of that year he was arrested
on a warrant charging him with burning a dwelling house
in Morgantown. At an inquest, he was adjudged to be in-
sane by the County Court and, at his request, was sent to

the Veterans' Hospital in Lexington, where he remained until January, 1944, when he was released on a writ of habeas corpus. The writ was granted upon the ground of irregularities in the proceedings resulting in the commitment. The evidence shows that, previous to his arrest, he was guilty of lewd and lascivious conduct with a twelve year old girl who lived in his neighborhood; but there could be little doubt that he was mentally unsound at the time. Nevertheless, his wife remonstrated with him concerning his conduct, and he threatened her life on several occasions, and on at least two occasions attempted to do her bodily harm. As a result of his threats and conduct, she left home the day before the fire he was accused of starting. Appellee took no part in the proceeding which resulted in his confinement in the Veterans' Hospital. He wrote her several letters from the Hospital, asking her to effect his release; but she refused to take any steps to do so. Those in charge of the Hospital consented to his return home for a "trial visit," if appellee would agree. She refused to take the responsibility, for fear of her own safety. Whilst appellee left appellant's home previous to his confinement, such act was not an abandonment in a legal sense; appellant's conduct toward her was such that to remain would have endangered her life. Nor was her refusal to consent to a trial visit cruel and inhuman treatment, as is argued by counsel; appellee had reason to believe that her own safety would be endangered if she permitted appellant to visit her. We think the Court properly refused to grant the divorce.

It necessarily follows that appellee is entitled to alimony. Moore v. Moore, 231 Ky. 829, 22 S. W. 2d 251; Maher v. Maher, 295 Ky. 263, 174 S. W. 2d 289. The evidence shows that appellant's only income is a pension he receives from the Government in the sum of One Hundred Dollars ($100) per month; Forty Dollars ($40) of this amount is paid to a male nurse in attendance upon him. Appellant is living at the home of his sister in Morgantown; and there is no showing that more than Thirty-Five Dollars ($35) per month will be required to pay for his necessaries of life. We think the amounts of the award and attorney fee are reasonable, in the circumstances of the case.

The judgment is affirmed.