## MAYNARD v. MAYNARD et al.

Court of Appeals of Kentucky.

Sept. 26, 1952.

William A. Young, Frankfort, for appellant.

Leslie W. Morris, Marion Rider, Frankfort, for appellee.

MOREMEN, Justice.

On the first appeal of this divorce case—Maynard v. Maynard, 311 Ky. 390, 224 S. W.2d 158—it was believed that the alimony award of the value of $15,000 was excessive. The judgment was reversed and directions were given to reduce the amount to $11,000. The wife, who was appellee, filed petition for rehearing and requested that she be allowed an attorney's fee for services rendered to her both in the circuit court and this court. The petition for re-hearing was overruled without modification or additional comment.

Upon return of this case to the circuit court, appellee, Gladys Maynard, requested an allowance of an attorney's fee in the sum of $750, which was granted. She also sought recovery of interest on a $5,000 cash award which was one item of the original judgment. This was not allowed.

The appellant, Charles Maynard, by this appeal, attacks that portion of the judgment which allowed an attorney's fee. Appellee, Gladys Maynard, by cross appeal, seeks to reverse that portion of the judgment in which the court refused to award interest.

Appellant contends the award of an attorney's fee by the circuit court was erroneous because (1) appellee failed to cross appeal from the original judgment in which no such fee had been granted and she is now divorced, owns an adequate, separate estate of her own and, therefore, is not entitled to a fee; and (2) the issue as to whether she was entitled to a fee was presented by the petition for rehearing and is now res judicata.

We are, therefore, faced first with the question of whether the trial court had the right to determine the collateral matter of allowance of an attorney's fee after reversal and upon return of this case to the circuit court, or whether the circuit court was confined solely to consideration of matters which were in issue on the appeal.

In Garnett v. Oliver, 242 Ky. 25, 45 S. W.2d 815, 816, it was written:

"And an appeal does not necessarily deprive the lower court of all jurisdiction, so as to prevent absolutely any action, even though such action does not affect the matters involved on the appeal and exclusively committed to the reviewing court. On the contrary, the case is often regarded as pending in the court of original jurisdiction for the purposes of proceedings other than such as pertain to the subject-matter of the judgment itself, or to the appeal and the proper hearing thereof, and concerning collateral or incidental

matters necessary for the preservation of the fruits of the ultimate judgment, or affecting the status in quo of the parties."

■ This court considers the matter of attorneys' fees as being one that addresses itself to the trial court even in cases where it is asked to fix fees for work performed in the appeal of a divorce and alimony case. In Bobbitt v. Bobbitt, 297 Ky. 28, 178 S.W.2d 986, 987, we said:

"In the case of Kelly v. Kelly, 183 Ky. 172, 576, 209 S.W. 335, we denied a request of the wife's attorneys to extend our opinion, fix the amount of their fee for services rendered her in this Court, and give the Circuit Court proper directions regarding it, remarking that it was a matter about which the Circuit Court had never adjudicated, and that this Court upon such a subject was a court of review."

The court in the Bobbitt case thereupon refused to fix a fee for work performed and stated:

"Nothing herein contained is to be construed as a denial of the right of the parties affected to move the Circuit Court, upon the filing of the mandate disposing of the appeal, to grant the relief sought by the present motion."

■ We are of opinion that the original appeal in this case did not deprive the circuit court of jurisdiction of matters which were not involved on the appeal and which were collateral to the main issue in the case. Customarily, under KRS 403.060 and KRS 453.120, such fees are taxed as costs by the trial court and costs may not accurately be determined until litigation has ended.

■ The foregoing Bobbitt case also disposes of appellant's contention that the issue as to the fee is res judicata because a petition for rehearing was filed in which a fee was requested. That portion of the petition for rehearing was apparently overruled under the authority of that case.

■ Appellant finally contends that since Mrs. Maynard was divorced before either appeal of this case and since she was granted a substantial estate of her own, under the ruling announced in Campbell v. Campbell, 240 Ky. 202, 41 S.W.2d 1093, she is not entitled to have her former husband pay her attorney's fee. The Campbell case may be distinguished from the instant case by a statement of the facts. Mrs. Campbell was awarded a divorce, alimony, attorney's fee, and costs, and, in addition, was given the right to the occupancy of a house belonging to Mr. Campbell. The judgment provided that she might use the house and furniture "for the present" for the benefit of herself and her child. About ten years later she sought to obtain permanent possession of the home. The court properly held under such a state of fact that she had ample estate out of which to pay her own attorney's fee. This is quite different from the instant case where Mrs. Maynard at the time she commenced suit had no separate estate of her own nor was she adjudged to be in fault.

If we applied the rule requested by appellant, in no case could an attorney's fee be allowed if the wife received an adequate award of alimony.

By the cross appeal, the appellee, Mrs. Maynard, complains of the action of the circuit court in refusing to allow her interest on a $5000 item which was awarded in the first judgment. In this original judgment appellee was awarded $125 a month for support of the child, $5000 in cash, a house in Frankfort with all the furnishings therein, ownership of an automobile which was licensed in her name, and U. S. bonds of the cash value of $2260.30. The total value of the property was approximately $15,000. On appeal of this case it was adjudged that the chancellor erred in awarding to the wife the house and lot, and other adjustments were made.

■ We have said in a number of cases involving questions of restitution of money received by virtue of a judgment later reversed that "a judgment which has been reversed is as though it had never been." In the case at bar, the $5000 in cash was an item considered by both the circuit court and the appellate court in fix-

ing the final amount of alimony granted but the award of alimony, which included this item, should not bear the interest until reduced to a final adjudgment. This was not done until return of this case to the circuit court.

The judgment is therefore affirmed both on the appeal and the cross appeal.