Mae **WALKER**, Appellant.

v.

E. L. **WALKER**, Appellee.

Court of Appeals of Kentucky.

May 22, 1959.

W. J. Postlethweight, Marion, Henry O. Whitlow, Paducah, for appellant.

William C. Allen, B. M. Westberry, Marion, for appellee.

T. E. Mahan, Williamsburg, for appellant.

B. B. Snyder, Williamsburg, for appellee.

CULLEN, Commissioner.

E. L. Walker sought a divorce from his wife, Mae and a restoration of property. Mae counterclaimed, asking that she be awarded a divorce. The court entered judgment denying a divorce to either party, but directing that Mae restore to her husband a small tract of land the title to which was in Mae's name. Mae has moved for an appeal, complaining only of the restoration provision of the judgment and of the failure of the court to award her a reasonable allowance for an attorney's fee.

Without granting a divorce, the court had no authority to direct a restoration of property. KRS 403.060(2); Noel v. Noel, 307 Ky. 122, 210 S.W.2d 137; Gentry v. Gentry, Ky., 318 S.W.2d 870, 872. The portion of the judgment directing a restoration therefore is erroneous.

The judgment is silent on the matter of allowance of an attorney's fee for the wife. In the absence of a finding that she is in fault and has ample estate, she is entitled to such an allowance. KRS 453.-120. Upon remand of the case, the circuit court is directed to make a finding concerning the facts upon which the allowance of a fee depends, and if the wife is found to be entitled to an allowance, then to fix a reasonable fee taking into consideration the pecuniary ability of the husband to pay and other relevant factors. See King v. King, 218 Ky. 9, 290 S.W. 725; Bobbitt v. Bobbitt, 297 Ky. 28, 178 S.W.2d 986; Andrews v. Andrews, 301 Ky. 94, 190 S.W.2d 1019.

The motion for an appeal is sustained and the judgment is reversed, with directions to delete from the judgment the provision for restoration of property and to make a determination with respect to the allowance of an attorney's fee for the wife.