# IMPORTANT NOTICE

# "NOT TO BE PUBLISHED OPINION"

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED" PURSUANT TO RULE OF APPELLATE PROCEDURE (RAP) 40(D). THIS OPINION SHALL NOT BE CITED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE.

UNDER RAP 41, UNPUBLISHED OPINIONS OF KENTUCKY APPELLATE COURTS RENDERED AFTER JANUARY 1, 2003, THAT ARE FINAL UNDER RAP 40(G), MAY BE CITED BY A PARTY FOR CONSIDERATION BY A COURT IF THERE IS NO PUBLISHED OPINION THAT ADEQUATELY ADDRESSES THE POINT OF LAW BEING ARGUED BY A PARTY.

IF AN UNPUBLISHED OPINION IS CITED FOR CONSIDERATION BY A COURT THE OPINION SHALL BE SET OUT AS AN UNPUBLISHED OPINION IN THE DOCUMENT IN WHICH THE UNPUBLISHED OPINION IS CITED.

RENDERED: APRIL 23, 2026
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2026-SC-0020-MR

CHASTITY ELLISON                                       APPELLANT


V.                 ON APPEAL FROM COURT OF APPEALS
NO. 2025-CA-0958
KENTON CIRCUIT COURT NO. 21-CI-01554


HONORABLE TERRI SCHOBORG,                  APPELLEE
JUDGE, KENTON FAMILY COURT

AND

WAYNE ELLISON                    REAL PARTY IN INTEREST/
APPELLEE


**OPINION AND ORDER**
**DENYING MOTION FOR EMERGENCY RELIEF, DENYING MOTION FOR**
**ATTORNEY'S FEES, AND REMANDING**

The underlying matter is a dissolution of marriage action involving a dispute over the division of the Appellee Wayne Ellison's 401(k) retirement account. After review, we deny the Appellant's motion for emergency relief pursuant to Kentucky Rule of Appellate Procedure (RAP) 20, deny the Appellee's motion for attorney's fees, and remand for further proceedings.

## I.  OPINION

The parties, Wayne and Chastity Ellison, were married in March 2019, and their dissolution of marriage decree was entered in April 2022. At the time

of the dissolution, both parties were represented by counsel.  As part of the dissolution action, the parties participated in mediation resulting in a separation agreement that was filed with the circuit court on April 12, 2022.  In pertinent part, the separation agreement addressed the division of Mr. Ellison's 401(k) and acknowledged the following: that the 401(k) would be divided pursuant to a qualified domestic relations order (QDRO); that the QDRO was to be prepared by an attorney who did not represent either party; and that the marital portion of the account would "be divided equally between the parties, plus or minus any investment gains or losses."  It further stated that "[t]he marital portion shall be defined as the benefit accrued from the date of the marriage through the date of divorce."  Counsel for both parties understood that there would be a need for a tracing analysis to separate the marital portion of the 401(k) from the non-marital portion.

A QDRO was signed by both parties and entered by the circuit court on January 11, 2023.  However, unbeknownst to the court and apparently to Mr. Ellison, an account tracing was never performed in connection with his 401(k) to determine the marital and non-marital portions.  During the parties' marriage, Mr. Ellison contributed $57,347.50 to his 401(k) and his employer contributed the additional sum of $18,555.80 for a total of $75,903.30.  Despite this, on February 2, 2023, over $160,000.00 was deducted from the account and paid out to Ms. Ellison.

On February 14, 2023, Mr. Ellison filed an emergency motion to freeze his 401(k) assets and set aside the QDRO.  The following day the circuit court

entered a status quo order and set a hearing date for Mr. Ellison's motion.  The hearing on the motion was held over the course of three days: April 10, June 5, and June 26, 2023.  On July 25, 2023, the circuit court entered an order setting aside the QDRO *nunc pro tunc* pursuant to Kentucky Rule of Civil Procedure (CR) 60.01, which provides that "clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."  The court further ordered the parties to have an agreed upon expert determine the marital and non-marital portions of the account and that, upon that determination, Mr. Ellison would be entitled to a lump sum judgment plus interest in the amount of the difference between fifty percent of the marital portion and the amount that was erroneously transferred pursuant to the initial QDRO.

Ms. Ellison, proceeding *pro se*, filed a direct appeal from the *nunc pro tunc* order with the Court of Appeals on September 28, 2023.  Prior to that filing, on September 15, the circuit court denied her motion to stay the enforcement of the *nunc pro tunc* order during the pendency of her appeal.  Three days before she filed the notice of appeal from the circuit court's order, she filed for Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the Southern District of Ohio.  That bankruptcy action was ultimately dismissed on July 9, 2024.  On November 8, 2024, the Court of Appeals dismissed her appeal as interlocutory.  *Ellison v. Ellison*, 2023-CA-1136-MR, 2024 WL

4714978 (Ky. App. Nov. 8, 2024).  It reasoned that while the circuit court determined Ms. Ellison was liable to Mr. Ellison for unjust enrichment due to a clerical mistake in the QDRO, it had not determined the exact amount of damages owed, as those calculations had not yet been made by an expert pursuant to the *nunc pro tunc* order.  *Id.* at *2.  As "[a] judicial determination that adjudicates only part of a claim is not appealable," the appeal was dismissed as interlocutory.  *Id.*  Ms. Ellison did not seek discretionary review of the Court of Appeals' ruling from this Court.

Several months later, on April 9, 2025, Mr. Ellison filed a motion with the circuit court for a lump sum judgment and a hearing on his motion was set for April 15, 2025.  On April 14 Ms. Ellison filed a second Chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the Southern District of Ohio; those proceedings are currently pending under Case No. 1:23-bk-11841.  The filing of Ms. Ellison's bankruptcy petition resulted in an automatic stay of the circuit court proceedings pursuant to 11 U.S.C.A.[1] § 362(a) (West 2020).  Mr. Ellison therefore filed a motion in the bankruptcy action seeking relief from the automatic stay so that the circuit court proceedings could continue.

Before Mr. Ellison's motion was ruled upon by the bankruptcy court, Ms. Ellison filed a petition for emergency relief pursuant to RAP 60(H) and a petition for a writ of mandamus and prohibition in the Court of Appeals.  The Court of Appeals denied her motion for emergency relief in an order dated

---

[1] United States Code Annotated.

4

August 14, 2025, and thereafter denied her motion to reconsider via an order dated August 25, 2025. It also denied her petition for a writ of mandamus and prohibition in an order dated December 2, 2025.

In its December 2 order, the Court of Appeals first identified the two classes of writs established by *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004), to wit:

> that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

It noted that, although Ms. Ellison neglected to identify which class of writ she was arguing under, the circuit court clearly had jurisdiction over the proceedings under Kentucky Revised Statutes (KRS) 23A.100(1).[2] It accordingly assumed she intended to argue under the second class of writ and held:

> Here, Petitioner argues that she is without an adequate remedy by appeal because her direct appeal was dismissed as interlocutory— despite the order's reciting that it was a final and appealable order. Petitioner suggests that the confusion caused by the family court's labeling the prior order as final and then modifying said order pursuant to CR 60.01 has left her with no other remedy but this original action. However, this Court explained to Petitioner in its Opinion and Order dismissing her direct appeal why the order she sought to appeal at that time was interlocutory. *Ellison v. Ellison, supra.* Petitioner's continued confusion regarding finality does not

---

[2] KRS 23A.100(1)(e) directs that "a family court division of Circuit Court shall retain jurisdiction in the following cases . . . Equitable distribution of property in dissolution cases[.]"

5

give rise to extraordinary relief. Petitioner may file a direct appeal once the family court has entered an order that is final. CR 54.01. The arguments contained within the petition for a writ may all be raised in, and are better suited for, a direct appeal, where the Court will have the benefit of the entire record.

Following the Court of Appeals' ruling, Ms. Ellison filed the appeal which is the subject of the proceedings now before this Court. In particular, her notice of appeal gave notice "pursuant to RAP 3 and RAP 60, that she [appealed] to [this] Court from the December 2, 2025[,] Order of the Kentucky Court of Appeals. . . which denied her Petition for a Writ of Mandamus and Prohibition[.]" However, she subsequently filed a "Motion for Emergency Relief and Temporary Stay Pursuant to RAP 20" which is the sole filing now before us for review.

Ms. Ellison's motion for emergency relief states that it "does not request final merits relief[]" and she is only seeking "temporary emergency relief pursuant to RAP 20 to preserve the status quo while the Court considers RAP 60." In particular, she requests that this Court stay the enforcement of the circuit court's July 25, 2023, *nunc pro tunc* order. But RAP 20 is not the proper procedural vehicle to attain the relief she seeks. RAP 20 is entitled "Motion for relief from an order granting or denying *an injunction*" (emphasis added) and it solely concerns potential relief by an appellate court from a trial court's entry of either a temporary or permanent injunction. *See* RAP 20(B)-(C). Indeed, RAP 20(F)(5) which relates to "Emergency Relief in Supreme Court" states that "[i]f a Court of Appeals judge has granted or denied emergency relief

6

*under paragraph (D) of this rule*, any party adversely affected by that order may move the Supreme Court for relief[.]"  (Emphasis added).

Based on the foregoing, two points are dispositive of Ms. Ellison's motion. First, the circuit court's July 25 *nunc pro tunc* order was not a ruling on a motion for a temporary or permanent injunction, nor did it purport to provide temporary or permanent injunctive relief.  Rather, it was a ruling on Mr. Ellison's motion to set aside the initial QDRO order pursuant to CR 60.01 and provided that specific relief.  Second, the Court of Appeals did not deny Ms. Ellison emergency relief under RAP 20(D); it denied her motion for emergency relief under RAP 60(H).  There is accordingly no grounds for this Court to provide her relief pursuant to RAP 20.

An additional matter we must consider is Mr. Ellison's motion for attorney's fees, which is contained in his response to Ms. Ellison's motion for emergency relief.  He asserts that he has incurred substantial fees with his counsel in these proceedings as a result of her premature direct appeal, her "subsequent antics" in trying to delay the enforcement of the circuit court's *nunc pro tunc* order, and the current motion now before this Court.  He further explains that he had to hire separate counsel to represent him in Ms. Ellison's bankruptcy proceedings in the Southern District of Ohio.  He requests that he be awarded the $1,500.00 in attorney's fees he has incurred defending against Ms. Ellison's current original action and appeal.  He cites KRS 403.220 and *Brosnan v. Brosnan*, 359 S.W.3d 480 (Ky. App. 2012), in support of his request.

7

We conclude that Mr. Ellison's request is better suited to the discretion of the circuit court upon remand. KRS 403.220 provides that

> [t]he court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

As the *Brosnan* Court discussed, the purpose of KRS 403.220 "is to prevent one party to a divorce action from controlling the outcome solely because he or she is in a position of financial superiority[.]" 359 S.W.3d at 487 (quoting *Neidlinger v. Neidlinger*, 52 S.W.3d 513, 521 (Ky. 2001), *overruled on other grounds by Smith v. McGill*, 556 S.W.3d 552 (Ky. 2018)). When those circumstances arise, "the legislature has authorized the *presiding judge* to order the financially superior party to bear the cost of the litigation, including the other party's reasonable attorney's fees." *Id.* (emphasis added). In that vein, the *Brosnan* Court also noted that "the issue regarding attorney's fees for appeal is not properly presented in an appeal to a reviewing court but is left to the discretion of the family court." *Id.* (citing *Maynard v. Maynard*, 251 S.W.2d 454, 456 (Ky. 1952). This conclusion is sound, as KRS 403.220 explicitly requires the court to "[consider] the financial resources of both parties" before ruling. This is an inherently fact-intensive inquiry that an appellate court is ill suited to conduct. Indeed, based on the limited record before us, we have no means to determine the financial resources of the parties. We must therefore

deny Mr. Ellison's request.  On remand, he may file a motion requesting reimbursement of the attorney's fees he incurred as a result of this original action and appeal if he so chooses.  *Brosnan*, 359 S.W.3d at 488.

## II.    ORDER

Based on the foregoing, we deny Ms. Ellison's motion for emergency relief and a temporary stay pursuant to RAP 20.  We also deny Mr. Ellison's request for attorney's fees.  As there are no other pending motions or petitions in this matter to be ruled upon, it is hereby remanded to the Kenton Circuit Court, Family Division, for further proceedings.

All sitting.  All concur.


COUNSEL FOR APPELLANT:

Chastity Ellison
Pro Se


COUNSEL FOR APPELLEE, HON. TERRI SCHOBORG:

Hon. Terri Schoborg
Pro Se


COUNSEL FOR REAL PARTY IN INTEREST/
APPELLEE, WAYNE ELLISON:

Jacqueline S. Sawyers